EASTERN DIST.
*April*, 1838.

OLDEN
*vs.*
ALEXANDER.

A curator *ad noc* to an absentee who is sued, should be appointed to represent him, and defend the suit, when he is not otherwise represented in the state.

---

## OLDEN *vs.* ALEXANDER.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT FOR THE PARISH OF EAST BATON ROUGE, THE JUDGE OF THE EIGHTH PRESIDING.

Where the plaintiff claims three hundred dollars·*with interest*, and there is some interest due at the filing of the answer, the Supreme Court has jurisdiction, and an appeal lies.

Where the prison limits are established by the police jury, and afterwards a portion of the parish is added to another by law, including a part of the prison limits : *Held*, that this change did not restrict the limits, or abrogate the ordinance fixing them, and that a debtor in the limits was entitled to the same boundary.

This is an action on a prison limits bond for three hundred dollars, against the surety therein.

The plaintiff shows, that the defendant, on the 29th of December, 1832, signed the prison limits bond sued on, in which he bound himself with the principal debtor in the penalty of three hundred dollars, that the latter should keep the prison limits established by law, for the parish of East Baton Rouge, and not depart therefrom until legally discharged according to law.

The plaintiff alleges, that the principal debtor in the bond, at different times, departed from the limits without leave, especially in going several times to Port Hudson, in the parish of East Feliciana, by which the bond was broken and forfeited ; and that the principal therein is now deceased.

He prays judgment against the defendant for the sum of three hundred dollars, *with judicial interest and costs.*

The defendant admitted his signature to the bond sued on, but denied any liability under it.

Upon these pleadings and issues, the case was tried before the court and a jury.

The evidence showed, that when the prison limits were fixed by the police jury, the boundary of the parish of East Baton Rouge included Port Hudson, which was subsequently transferred by law to the parish of East Feliciana. It belonged to the latter parish when this bond was given. The debtor frequently went to that place, while in the limits, and afterwards died, without ever being released.

There was a verdict and judgment for the defendant, and the plaintiff appealed.

*Brunot,* for the plaintiff.

1. The evidence shows a breach of the prison limits bond.

2. Port Hudson is situated in the parish of East Feliciana, and was so previous to the execution of the bond on which suit is brought.

3. Even admitting (of which there is no evidence) that when the prison limits were established by the police jury,

that the spot on which Port· Hudson stood, formed· part of East Baton Rouge, yet the subsequent act of the legislature, annexing it to East Feliciana, *pro tanto*, destroyed the act of the police jury, and excluded it from the prison limits, since, when cut off, it formed no l'onger part of the parish, and consequently could not be inclosed in its limits.

,4. The bond explains itself, and where a breach of its obligation is clearly made out, it behooves the defendant to show that Port Hudson was not out of the prison bounds established for East Baton Rouge.

*R. N.* and *A. N. Ogden*, *contra*, moved to dismiss the appeal, because the amount of the bond sued on, or matter in controversy did not *exceed* three hundred dollars, and this court is consequently without jurisdiction.

2. The town of Port Hudson was not without the prison limits, as it formed a part of the parish, when the police jury passed the regulations, declaring the prison limits to extend to the confines of the parish boundary.

Where the plaintiff claims three hundred dollars *with interest*, and there is some interest due at the filing of the answer, the Supreme Court, has jurisdiction, and an appeal lies.

*Bullard, J.*, delivered the opinion of the court.

The appellee moves to dismiss the appeal, on the ground that this court has no jurisdiction, the amount in controversy not exceeding three hundred dollars.

The plaintiff demands three hundred dollars with judicial interest, that is interest after the judicial demand on the inception of the suit. In the case of Bergel *vs.* Langlais, 1 Martin, N. S., 138, the court held, that when the plaintiff claimed three hundred dollars *with interest*, an appeal would lie. It is difficult to distinguish the cases. At the time the answer was filed, something more than three hundred was in controversy.

Where the prison limits are established by the police jury, and afterwards a portion of the parish is added to another, by law, including a part of the prison limits: *Held*, that this change did not restrict the limits or abrogate the ordinance fixing them, and that a debtor in the limits was entitled to the same boundary.

On the merits, we are of opinion the court did not err. If Port Hudson was within the prison limits, as established by the police jury, we think that the act of the legislature annexing it to the parish of East Feliciana, did not restrict the limits, or abrogate the ordinance.

It· is, therefore, ordered, adjudged· and ·decreed, that the judgment of the District Court be affirmed, with costs.