Bullard, J.
This is an action against the surety on.a bond given by a debtor arrested under final process, conditioned to remain within the prison-limits. Those limits were, at the date of the bond, co-extensive with the parish of Carroll, in which the debtor resided. After the execution of the bond, the new parish of Madison was erected, composed of a part of the parish of Carroll, and particularly of that part in which the debtor resided, and embracing the spot on which the village of Richmond is situated, on the west side of the Roundaway bayou, the present seat of justice of the new parish, and which never had been within the limits of the parish of Carroll. It appears that Rusk, the principal in the bond and the judgment debtor, went to Richmond during the sitting of the District Court, and was killed. The act of going to Richmond, the seat of justice of the new parish, is assigned as a breach of the bond.
The question thus presented is novel, and no adjudicated case, having any analogy to the present, has been referred to in the argument, except .that of Olden v. Alexander, 12 La. 156. In that case we held, that when the Police Jury had established the prison-bounds, and after the date of the bond, the legislature had *124 annexed a part of the parish to an adjoining one, the act of the legislature did not abrogate the ordinance establishing the prison-limits, and if the prisoner had a right, at the date of the bond, to go to Port Hudson, as a part of the parish of East Baton Rouge, and within the limits established by the Police Jur3r, he had still a right to do so without incurring a forfeiture of his bond, although the legislature had annexed it, in the meantime, to East Feliciana. One of the reasons for that decision was, that at that time the prison-limits for each parish were established by the Police Juries, and that they were not perhaps obliged to restrict the limits to those of the parish itself.
The legislature afterwards, in 1837, declared, “ that the prison-bounds of all the parishes of this State shall be the limit of the parish boundary.” B. &■ C.’s Digest, 684.
Upon the passage of the act creating the parish of Madison, the residence of Rusk fell within the prison-limits of the new parish. He became a citizen' of that new parish, and was subject to militia and jury duty. Having been legislated out of the former prison-limits, his remaining at his own residence after the passage of the act, could surely not be assigned as a breach of the bond. What then was his condition 1 He was either released altogether, or he became a prisoner in the friendly custody of his bail, within the limits of the new parish. The act of the legislature cannot be supposed to have rendered his condition more onerous, by compelling him to remove within the restricted boundaries of the parish of Carroll. That would be substituting a new condition upon which the liability of the surety should depend. He was not then a prisoner within the new limits of the parish of Carroll, after the establishment of the parish of Madison. Whether we consider him as no longer bound to remain within the boundaries of Carroll, or bound to keep within the limits of his new parish, he had equally a right to go to Richmond, without incurring a forfeiture of his bond. The question, it is true, is not free from difficulties, but in the absence of any positive law, and in cases of doubt, it is proper to decid e in favor ein solutionis.

Judgment affirmed.