BRUNOT, J.
 

 The litigants were man and wife. The sole issue of their marriage was a minor child, Lenore. Evelyn Newson, who was five years of age when the plaintiff, on October 2,1931, obtained a judgment against the defendant granting him a separation “a mensa et thoro.” In this judgment the defendant was awarded the custody of the child from October 1st to March 31st of each year, and the plaintiff was awarded the custody of the child from April 1st to September 30th of each year.
 

 On April 15,1932, the defendant filed a petition in which she alleges various substantial reasons why the court should modify its judgment with respect to the custody and control of the child, and, for these alleged reasons, she prays that she be granted the permanent custody of the child.
 

 One week after the defendant’s petition for a modification of the judgment was filed, the plaintiff caused a rule to be served upon the defendant to show cause why she should not be punished for contempt of court in disobeying that part of the court’s judgment awarding the plaintiff the custody and control of the child from April 1, 1932, to September 30, 1932. The defendant answered the rule, and reiterated in her answer all of the facts alleged in her petition for a modification of the original judgment. On the trial of the rule, testimony was offered to establish the facts alleged in the answer thereto, but the proffered testimony was excluded, the defendant was adjudged to be in contempt of court, and she was sentenced to serve five days in jail.
 

 An application to this court for writs of certiorari and prohibition was filed, a rule to show cause, coupled with a stay order, was issued, the record and the returns of the respondents, the judge and the plaintiff, have been sent up, and the matter is now before us for review.
 

 For return, the judge says that he bases the rulings complained of solely upon the case of Caldwell v. Caldwell, 164 La. 458, 114 So. 96.
 

 
 *205
 
 This case presents quite a different situation from the issue passed upon in the Caldwell Case. There the relator deliberately, and without assigning any cause or excuse therefor, ignored the judgment of the court. Here, however, before the institution of contempt proceedings, the relator filed in the district court a formal application for a modification of its judgment, alleging therein for cause why the judgment should be modified, grounds of such serious import to the welfare, health, care, and rearing of the child in a proper environment as to demand a hearing thereon, and, if found to be true, to demand the modification of the original judgment as prayed for in the relator’s petition.
 

 Courts will not permit the bickerings of disgruntled spouses to seriously affect the welfare or jeopardize the future of their minor children. In the Caldwell Case there was no such issue. In this case the facts alleged in the petition for a modification of the judgment were not presented to the court in the suit for a separation from bed and board. Moreover, that part of the judgment in the suit for a separation granting the custody of their minor child to each of its parents for six months of each year was a judgment reviewable by the court which rendered it, at any time, upon a proper showing and for just cause. It is therefore not a .final, but a reviewable, decree.
 

 Finding that the contempt proceedings were filed a week after the relator’s petition for a modification of the original judgment was filed, we think the issue presented by that petition should have been first heard and determined, and therefore that the hearing of the contempt proceeding and the judgment thereon were premature. For the reasons' stated, the writs of prohibition and mandamus applied for herein are granted and made peremptory, as prayed for in relator’s application, at respondent’s (Robert J. New-son’s) cost