Bruno vs. Oviatt.

## No. 11,937.

### THEODORE BRUNO VS. MARY OVIATT.

Interest accrued when the suit is brought is to be computed in the amount required to give this court jurisdiction of the appeal. Constitution, Art. 81; 12 La. 156; 2 An. 793.

The remedy against judgments obtained by fraudulent practices is the action of nullity; the grounds for such an action can not be urged as a defence in the suit to revive the judgment. Code of Practice, Arts. 604, 607 *et seq.*; 23 An. 173; 30 An. 130; 33 An. 342; 34 An. 520.

APPEAL from the Civil District Court for the Parish of Orleans. Rightor, J.

*Guy M. Hornor* for Subrogee, Appellee.

*W. S. Benedict* for Defendant, Appellant.

Argued and submitted February 13, 1896.
Opinion handed down February 24, 1896.
Opinion refusing rehearing March 9, 1896.

The opinion of the court was delivered by

MILLER, J. The plaintiff sues to revive a judgment against defendant. The answer is that there was no consideration for the note of twenty-five hundred dollars, on which the judgment is based; that it was pledged by her for another note for five hundred dollars she was induced to sign; that the pledgee sold and purchased the twenty-five hundred dollar note, transferring it to plaintiff, who sued and recovered upon it the judgment sought to be revived; that the suit on the note was not defended; that she employed no counsel, but that such employment was effected by another, who, with the pledgee and his partners, are charged with a fraudulent combination to injure plaintiff, and the answer prays that the suit to revive be dismissed and the judgment sought to be revived be decreed a nullity. The plaintiff excepted to the reconventional demand and the exception overruled, answered averring the validity of the judgment and denying the allegations of the answer. From the judgment in favor of plaintiff defendant takes this appeal.

The defendant moves to dismiss the appeal on the ground that the note, the basis of the judgment revived for ·twenty-five hundred dollars, was reduced by a credit of date June 3, 1895, of seven hundred and ninety-three dollars, and hence it is contended the amount involved is less than two thousand dollars. But when the suit was brought the interest accrued, added to the amount of the note, exceeded two thousand dollars. McMicken vs. Smith, 12 La. 156; Mason vs. Oglesby, 2 An. 793; Cornell vs. Geddes, 10 An. 170. The motion to dismiss is overruled.

The controlling question in the case is whether a suit to annul the judgment for fraud can be grafted by defendant upon an action to revive that judgment. There can be no question and none is raised by defendant's answer in reference to the citation of defendant in the original suit on the note. When that suit was brought against her she excepted that being a married woman her husband must be joined. That was done and the husband and wife defended, resulting in the judgment now before us for revival. The answer is, substantially, that the two thousand five hundred dollar note made by defendant was a fraud on her as a married woman; that no real defence was made in the suit; that the plaintiff, Bruno, and those from whom he acquired the note concurred in the fraud, and they, it is alleged, are the real parties and not the subrogee who brings the suit. These allegations import a defence to the original suit. But can the defence find any place in the suit to revive, waiving the question unnecessary to be considered, whether defences available before judgment can be urged after its rendition, except, if it be a qualification, within the limits of the action of nullity. C. P., Arts. 604, 605, 606, 607.

The statute for the revival of judgments, enacted in 1853, was entitled an act relative to the prescription of judgments. The statute is now Art. 3547 of the Civil Code. It provides that ten years shall prescribe the judgment, but the party interested may have his judgment revived by citation served on defendant within ten years, unless the party show good cause against the revival. Obviously, neither the title to the act nor anything in the body of it, contemplated that in the suit to revive, the defence to the suit could be presented again, on the application to revive. Any such interpretation would be utterly inconsistent with the finality the law attributes to the thing adjudged. Civil Code, Art. 2285.

The judgment may be revived, set aside or revised, the law declares, by appeal, new trial, rescission or action of nullity. These remedies are prescribed under well defined limitations. Code of Practice, Arts. 556 *et seq.*, 557 *et seq.*, 564 *et seq.*, 604 *et seq.*, 614 *et seq.* Fraudulent practices in obtaining judgment are within the scope of the relief proposed by these articles. No purpose to enlarge these remedies can rationally be attributed to the statute to prescribe judgments and provide for their revival. No such purpose is avowed by the title or declared by words or vaguest implication in the act. To suppose any such purpose would be to extend the act beyond its title, and the fair significance of its terms. An interpretation of " the cause " that the defendant might urge against the revival is suggested by the act. Without citation there is no basis for the judgment. Hence, on the application to revive, the want of citation manifestly, is a defence. But under this revival legislation, it seems to us utterly inadmissible that the defendant can assail the judgment for alleged defences he conceives existed at the time the original suit was brought.

The defendant supposes that what she calls radical defects may be urged in resisting the suit to revive. It is claimed that this view finds support in the expressions used in some of the decisions. Frauds on a married woman in obtaining her obligations or in respect to her property protected from liability for her husband's debts, undoubtedly are repugnant to prohibitory laws. In all such cases the law affords adequate relief. But we can not strain a statute for the prescription and renewal of judgments so as to give under that statute a remedy against judgments susceptible, as she thinks, of defences either urged without effect or not urged at all. For such wrongs there are prescribed remedies, in our view, not extended by the judgment statute.

Our view of this statute is, we think, fully sustained by the decisions. Without extending the discussion it may be stated that in all the cases involving this question, the solution, was that on the petition to revive the citation of the defendant, was the subject for investigation. If cited, the revival followed. The revival, however, gave to the judgment no force additional to that it originally possessed. This is expressed in the statute. The judgment is to continue in force. If assailable for fraud the revival furnished no protection. The revival simply avoided prescription. As the defend-

ant raises no issues as to citation, conclusively proved, in our view the judgment of revival is open to no objection. Drogre vs. Moreau, 23 An. 173; Marbury vs. Pace, 30 An. 1330; Folger vs. Slaughter, 33 An. 342; Conery vs. Rotchford, Brown & Co., 34 An. 520.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.

### ON APPLICATION FOR REHEARING.

Our decision excluding the defences sought to be urged in this suit to revive judgment, could not deprive the defendant of and grounds available to assail the judgment. Our decision implies the right, if it exists, we are asked to reserve.

It is, therefore, ordered that our decree be so amended as to reserve to the defendant any grounds available to her to assail the judgment herein revived, without, in the least, affecting by this reservation any and all rights of plaintiff to resist such grounds as defendant may urge.