(43 South. 988.)

No. 16,584.

RICHARDSON v. MOORE et al.

In re RICHARDSON.

(May 13, 1907.)

1. JUDGMENT — SETTING ASIDE — RULE TO SHOW CAUSE.

A suit against a wife for setting aside her judgment against her husband on the ground that the same was obtained on a fictitious claim cannot be brought by rule; and in such a case the judge properly refused to grant an order to show cause.

2. MANDAMUS—RETURN—PLEADINGS.

Where the petition to this court is not sworn to, and is not accompanied by a certified copy of the pleadings below, and there is a difference between the petition and the return of the judge touching the contents of the pleadings below, this court will accept the statement of the judge.

(Syllabus by the Court.)

Action by W. P. Richardson against Anna L. Moore and husband. Application of W. P. Richardson for writ of mandamus to the judge of the district court. Denied.

J. S. Taylor, for relator. Respondent judge, pro se.

PROVOSTY, J. This is an application for mandamus to compel the district judge to grant an order directing a wife to show cause why her judgment against her husband should not be canceled and erased from the records. The relator is a judgment creditor of the husband and has caused the property of the husband to be seized under his judgment, and the judgment of the wife, recorded ahead of his, operates as an apparent incumbrance on the property, standing in the way of his proceeding. The petition praying for the rule has not been produced in this court, and the relator and the respondent judge do not agree touching its contents. Relator says that the ground on which the cancellation of the inscription of the judgment is asked is that the judgment has become a mere nullity for want of timely execution. The respondent judge says the ground is that the claim on which the judgment is founded was fictitious and simulated. Relator's petition is not sworn to. We accept the statement of the judge, and deny the application. Relator cannot institute an action in nullity of judgment on the ground of fraud by rule, and the judge properly refused to lend his countenance to such a proceeding.

Application denied, at cost of relator.