BRUNOT, J.
 

 Relatrix was ruled into court to show cause why she should not be punished for contempt. The rule was made absolute, and she applied to this court for writs of certiorari and prohibition. A rule nisi issued and a stay order was granted pending hearing thereon. In response to the rule nisi, the district judge and Dr. Guy L. Caldwell have filed returns, and the record has been sent up.-
 

 This application grows out of a suit for a separation from bed and board. Dr. Caldwell instituted the proceedings, and Mrs. Caldwell reconvened therein and prayed for judgment in her favor on her. reconventional demand. Both claimed the custody of the three minor children, the issue of their, marriage. The suit resulted in a judgment dismissing the demands of Dr. Caldwell, and in favor of Mrs. Caldwell, on her reconventional demand, and, pending the further orders of the court, awarding the custody of the children to Mrs. Caldwell, at all times except Saturdays, Sundays, and during vacations of the schools, and ito Dr, Caldwell on Saturdays, Sundays, and during the vacations of the schools. No appeal was taken from the judgment.
 

 It appears that following the rendition of the judgment Dr. Caldwell made repeated efforts to obtain the custody of the children on Saturdays and Sundays, but Mrs. Caldwell, upon one excuse or another, and in various ways, prevented him from seeing them, and the rule for contempt followed.
 

 Relatrix contends that her application for writs of certiorari and prohibition presents three questions of law, viz.:
 

 (1) Whether, in a contempt proceeding growing out of a decree for separation from bed and board, evidence is admissible to show that the judgment was a consent decree.
 

 (2) Whether a mother in possession of her children may be held guilty of contempt in the absence of a direct order to deliver the custody of the children to their father.
 

 (3) Whether, in any event, the sentence imposed by the district judge in this matter is not an abuse of judicial discretion.
 

 With reference to relatrix’s foregoing first and second contentions, the respondent judge says:
 

 “From what examination the court was able to make of the law applied in this state, as well as in the other states, it came to the conclusion
 
 that in only two
 
 instances could the nullity of a prior judgment be inquired into in contempt proceedings. First, where the court was without jurisdiction, and, second, where the court was totally without power to render an order or decree, made the basis of the contempt proceeding, and that the present judgment under attack did not fall under either of the above-named classifications.
 

 • “Your respondent shows that, in its opinion, it was not necessary that the'judgment made a basis of the contempt proceedings should order Mrs. Caldwell to perform specific acts or re
 
 *461
 
 strain her from specific acts, and that said judgment needed no further ancillary proceedings in order fo mate it executory.”
 

 Relative to relatrix’s alleged, right to collaterally attack the judgment of separation from bed and board as a defense to the rule to show cause why she should not be punished for disobeying that judgment, she contends that the nullity of any order of court may be successfully invoked as a defense to contempt proceedings, and cites State ex rel. Liversey v. Judge, 34 La. Ann. 741, in support thereof. In the cited case W. Van Benthuysen, in a formal proceeding, obtained an injunction restraining Liversey and others from publishing in the Mascot any defamatory cartoon or caricature of him, or from naming or alluding to him in any manner calculated to disparage him in the estimation of the public. The injunction was violated, and Liversey and others were ruled into court to show cause why they should not be punished for contempt. The rule was made absolute, and the defendants in rule applied to the Supreme Court for writs of certiorari and prohibition, with the result that this court held that the district court was without power
 
 to
 
 grant the injunction, because, under the Bill of Rights, the press is free from censorship, and, in advance of its publication, even of matter which may be libelous, it is exempt from control. For this reason the judgment was held to be an
 
 absolute nullity.
 
 As the decision is based upon the ground that the court had no power to issue the injunction, the case cannot be relied upon as sustaining the contention that the nullity of any order of court may be successfully pleaded as a defense to contempt proceedings. In reality, the decision is in accord with the views of the respondent judge, quoted supra, and with the jurisprudence of our sister states. •
 

 In this case the respondent judge had jurisdiction of the parties and the subject-matter of the suit for separation from bed and board, and had full power to render judgment on the facts of the case. The rule as stated in 13 C. J. 47, is as follows:
 

 “It is essential, however, to the power to punish for contempt that the court have jurisdiction both of the subject-matter and the person and authority to render a judgment on the facts adduced.”
 

 When the conditions thus stated are met, the court has the inherent power to enforce obedience to its process and decrees by sum mary process. The reason for the rule is forcibly stated in Cartwright’s Case, 114 Mass. 230, as follows:
 

 “The summary power to commit and punish for contempts tending to obstruct or degrade the administration of justice is inherent in courts of chancery and other superior courts, as essential to * * * their powers and to the maintenance of their authority, and is part of the law of the land, within the meaning of Magna Charta and of the twelfth article of our Declaration of Rights.”
 

 In the case of Watson v. Williams, 36 Miss. 331, a case involving the summary power of the court to punish for contempt, the court said:
 

 “The power to fine and imprison for contempt from the earliest history of jurisprudence, has been regarded as a necessary incident and attribute of a court, without which it could no more exist than without a judge. It is a power inherent in all courts of record, and coexisting with them by the wise provisions of the common law. A court without the power effectually to protect itself against the assaults of the lawless, or to enforce its orders, judgments, or decrees against the recusant parties before it, would be a disgrace to the legislation, and a stigma upon the age which invented it.”
 

 Strangers to a litigation may collaterally impeach the judgment rendered therein, upon certain recognized grounds, but the judgment of a court having jurisdiction over the subject-matter and the parties cannot be questioned collaterally for fraud aliunde the record by the parties or their privies. 17 Am. & Eng. Ency. of Law, 848.
 

 The judgment in the instant case had become executory. It ordered that Dr. Caldwell should have the custody of the children
 
 *463
 
 on certain days. Mrs. Caldwell deliberately ignored this order and designedly prevented it from becoming effective. Under these circumstances, the summary process of the court was properly invoked and the contempt .proceedings were timely.
 

 We may dismiss the contention that the sentence imposed was an abuse of the court’s discretion by merely quoting from the return of the respondent judge the following:
 

 “Your respondent denies that he acted arbitrarily in imposing the penalty permitted by law in matters of contempt, and in connection therewith shows that at the time the court stated that it had no desire to impose any jail sentence whatever upon Mrs. Caldwell if matters could be so arranged that the decree of the court could be carried out in the future, and that the sentence of the court was suspended until June 4th to allow the said Mrs. Caldwell an opportunity to secure writs from your honorable body, and this court further gave Mrs. Caldwell to understand that any time she would obey the judgment of the court no further proceeding would be taken against her. Your respondent further shows that even the limit of a fine would have done no good whatever in preventing a repetition of the offense, and the court was not seeking to punish Mrs. Caldwell, but was merely seeking in this way as the only possible way of carrying out the judgment of the court.”
 

 For the foregoing reasons, the rule nisi issued herein is recalled and set aside, the stay order is vacated, and the writs applied for are denied at relatrix’s cost.