SAMUEL, Judge.
In June and July of 1960 the Civil District Court for the Parish of Orleans rendered and signed a third party judgment in favor of plaintiff and against defendant, Sewerage & Water Board, for $63,573.21 with legal interest on part of that sum from June 10, 1960 until paid and with such interest on the balance thereof from August 10, 1956 until paid, together with costs. The Board appealed to this court which affirmed the judgment (Keller Construction Corp. v. George W. McCoy & Co., La.App., 138 So.2d 128). After applying to this *775 court for a rehearing, which was denied, the Board applied to the Supreme Court of Louisiana for writs. The application was denied. The Board then made two other motions to the supreme court which motions were not considered under that court’s rules. '
In the trial court and in this court the Board made no complaint of the taxation of interest and costs and that question was not an issue in either of those two courts. In its application for writs to the supreme court the Board alleged for the first time that as a political subdivision or public board under our statutes (particularly LSA-R.S. 13:4521) and under the Louisiana jurisprudence (see Orleans Parish School Board v. City of New Orleans, La.App., 156 So.2d 718; Brasher v. City of Alexandria, 215 La. 887, 41 So.2d 810; Makofsky v. Department of Highways, 205 La. 1029, 18 So.2d 605; Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627) it was not liable for costs, except stenographers’ costs for talcing testimony, or for interest in the absence of a contractual stipulation or specific statutory provision therefor. The two motions which were not considered by the supreme court were devoted solely to that contention.
Thereafter the Board paid the principal amount of the judgment to plaintiff but refused to pay the interest. Payment of the principal amount was in the form of a check with an accompanying letter which denied liability for interest or costs. The check was cashed by the plaintiff, without protest or reservation, which then made demand on defendant for the interest as stipulated in the judgment. Defendant refused to pay. For some reason not made known to us plaintiff did not seek full satisfaction of its judgment. Instead it filed this suit for the interest. The Board’s answer denies liability and avers that as a political subdivision or board it is not liable for interest and costs. Motions for summary judgment were filed by both litigants and both stipulated that there was no material issue of fact involved. The trial court judgment denied the defendant’s motion for summary judgment and granted plaintiff’s similar motion, decreeing that plaintiff was entitled to the interest as stipulated in the original judgment and ordering the payment thereof. Defendant has appealed.
In this court the Board makes three alternative contentions: (1) as to costs and interest the judgment is null and void ab initio because it is in contravention of LSA-R.S. 13:4521 and the settled jurisprudence of the Supreme Court of Louisiana; (2) as to costs and interest the judgment must be annulled under the pertinent provisions of the Code of Civil Procedure; and (3) plaintiff is estopped from collecting costs and interest under the doctrine of accord and satisfaction. We do not agree with any of the contentions.
The judgment referred to is the one rendered and signed in 1960 for $63,573.21. Under Code of Civil Procedure Article 2167 (LSA-C.C.P. Art. 2167), which provides : " * * * (2) A judgment of a court of appeal becomes final and execu-tory when the supreme court denies a timely application for a writ of certiorari in the case; * * * ”, that judgment is final and became so when the supreme court denied the Board’s application for writs. The Board’s complaint as to costs and interést was presented to the supreme court in its application for writs and that court decided the matter by denying the application. We have no authority to review the action of the supreme court and the judgment cannot now be changed unless one or more of the Code of Procedure articles relative to nullity of judgments, Arts. 2001-2006, is applicable.
We find that none of these articles have any application in the instant case. The only provision relied upon by the defendant is Article 2002(3) which states that a final judgment shall be annulled if it is rendered by a court which does not have jurisdiction over the subject matter of the suit. Obviously, the district court, this court and the *776 supreme court did have jurisdiction in the instant case.
As pointed out in the case of Davis-Wood Lumber Co. v. Farnsworth & Co., La.App., 171 So. 622, 625, in order to maintain a plea of estoppel based on the doctrine of accord and satisfaction there must be present: (1) an unliquidated or a disputed claim; (2) a tender by the debtor; and (3) an acceptance of the tender by the creditor. Here the first requirement has not been met. The claim was un-liquidated and disputed prior to final judgment. But such is no longer the case. Since the judgment became final upon the denial of the board’s application for writs the claim has been liquidated and the dispute has come to an end.
The judgment appealed from is affirmed.
Affirmed.