168 So.2d 595

**PONTCHARTRAIN PARK HOMES, INC.**

v.

**SEWERAGE AND WATER BOARD OF NEW ORLEANS.**

No. 47133.

Nov. 9, 1964.

George Piazza, New Orleans, for relator.

R. Emmett Kerrigan, Malcolm W. Monroe, William J. Guste, Jr., James M. Colomb, Jr., Roy F. Guste, New Orleans, amici curiae.

Monroe & Lemann, Thomas B. Lemann, New Orleans, and Breazeale, Sachse & Wilson, Victor A. Sachse, Baton Rouge, for plaintiff-appellee.

HAMITER, Justice.

Pontchartrain Park Homes, Inc., instituted the instant proceeding seeking a declaration that it is entitled to the legal interest and costs stipulated in a judgment originally rendered in its favor against the defendant, the Sewerage and Water Board of New Orleans, in the cause entitled Keller Construction Corporation v. George W. McCoy and Co., Inc., et al., La.App., 138 So.2d 128 (certiorari denied by this court). The district judge sustained a motion for a summary judgment and declared that the mentioned interest and costs were due to plaintiff. The declaration was affirmed on appeal by the Court of Appeal. 159 So.2d 774. On the application of the defendant we granted certiorari, 245 La. 805, 161 So. 2d 279, limiting our consideration to the question of whether applicant is liable for such interest.

The original suit arose out of a dispute between Pontchartrain's contractor and the latter's subcontractor, it concerning the matter of responsibility for a certain defective sewerage installation. Pontchartrain, as the owner which had furnished the installation plans and specifications, was brought into the cause by the contractor's third party action; and it, in turn, instituted third party proceedings against the Board which had prepared and warranted such plans and specifications and had supervised the work as part of an agreement with it.

In that suit it was decided that the failure of the installation was due to faulty plans and specifications initially made and warranted by the Board; and further, on a remand by this court, that the Board was responsible for the damages sustained because of its improper performance. Accordingly, judgment was rendered in favor of the contractor against Pontchartrain in the total amount of $63,573.21, together with legal interest thereon and all costs. At the same time judgment was granted in favor of Pontchartrain and against the Board "for the same amount, with like interest and costs."

On an appeal therein by the Board no complaint was made as to the award of interest against it, and the described judgment was affirmed by the Court of Appeal.

(For a history of the litigation see Keller Construction Corporation v. George W. McCoy and Company, Inc., et al., 239 La. 522, 119 So.2d 450 and the same suit in La.App., 138 So.2d 128.)

Later, the Board filed in that cause an application to this court seeking a writ of certiorari, and for the first time it very briefly alleged that as a subdivision of the State of Louisiana it could not be cast for interest and costs in view of LRS 13:4521. However, that assertion was not contained in the assignment of errors of the application, as is required by our Rule XII, Section 5. It appeared as paragraph 13, following the listing of the documents filed. Further, no particular mention was made in applicant's prayer regarding the matter of interest, it merely asking for a reversal of the judgment. That application was denied; and at the same time the judgment, with its award of legal interest, became final and executory.

Notwithstanding the finality of such judgment the Board took the position that it was not liable for the stipulated legal interest, and it paid to Pontchartrain only the principal amount stated to be due and owing. The instant proceeding followed, its purpose being to establish the right of Pontchartrain to collect the legal interest provided for in its final judgment. As aforesaid, the case is now before us on a writ of certiorari to review the decision of

the Court of Appeal which affirmed the ruling of the district judge sustaining plaintiff's motion for a summary judgment.

The Board takes the position that the judgment which decreed the payment of legal interest can be set aside as a nullity, despite the fact that it is now final, inasmuch as it conflicts with the jurisprudence of this court which has established the doctrine that the state, or an agency thereof, cannot in the absence of a statute or a contract be cast for such interest. The Board urges that such a nullity plea can be entertained by the courts by virtue of the decisions in Succession of Gilmore, 157 La. 130, 102 So. 94, Alonso v. Bowers, 222 La. 1093, 64 So.2d 443, Tapp v. Guaranty Finance Company, Inc., La.App., 158 So.2d 228, and particularly by reason of Article 2004 of the Code of Civil Procedure which reads as follows: "A final judgment obtained by fraud or ill practices may be annulled.

"An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices."

There is no suggestion in the defendant's answer of any "fraud" having been committed, and the only "ill practice" referred to therein is the failure of the defendant Board in the original suit to plead properly and timely its alleged sovereign immunity from the obligation of paying

legal interest. We entertain some doubt that such failure is one which would give rise to an action to annul the judgment in view of the language and holding of this court in Gumbel v. New Orleans Terminal Company, 190 La. 904, 183 So. 212. But assuming arguendo that the provisions of Article 2004 of the Code of Civil Procedure may be so broadened as to encompass such a ground, the judgment can be annulled by one of the parties thereto only in a direct action.

The Official Revision Comments on the mentioned Article 2004 make it abundantly clear that there was no intention to change the well settled jurisprudence to this effect. Thus, it is stated in paragraph (d): "No specific provision has been made regarding the manner of asserting the grounds of nullity in the above article. This was thought unnecessary in view of the established jurisprudence to the effect that such grounds must be asserted in a direct action and cannot be raised collaterally. Bruno v. Oviatt, 48 La.Ann. 471, 19 So. 464 (1896); Caldwell v. Caldwell, 164 La. 458, 114 So. 96 (1927). * * *"

In the Caldwell case, referred to in the Comment, the court refused to entertain an attack on a prior custody judgment made in an answer to a contempt citation for failure to obey the judgment. In Heirs of Brigot v. Brigot, 47 La.Ann. 1304, 17 So. 825, this court refused to permit plaintiffs to attack collaterally a prior judgment relied on by the defendant, it stating: "Voidable judgments are binding until reversed by some direct proceeding.

"* * *

"* * * the judgment must be presumed to have been regularly obtained until the contrary is shown in direct proceedings. A collateral attack is defined as an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling it. * * *

"* * *

"Whether it [the judgment] be regular or irregular, correct or erroneous, valid or invalid, it is not subject to collateral attack. * * *" See also Richardson v. Moore et al., 119 La. 149, 43 So. 988 and Wilson v. Calvin, 221 La. 451, 59 So.2d 451. (Brackets ours.)

The defendant in the instant case is attempting no more than a collateral attack on the prior judgment; and this, as aforeshown, is prohibited. In fact, perusal of the record discloses that not even a collateral attack has been formally made. No special pleading raised the issue, nor is there any allegation of or prayer for nullity in the Board's answer. The defendant merely denied liability for the recited interest, pleaded estoppel under the doctrine of accord and satisfaction (this will be discussed hereafter), and prayed for a dismissal of plaintiff's suit. In each of the cases

relied on by the defendant the nullity issue was specifically raised in a suit brought for the sole purpose of annulling the judgment complained of.

■ Since the prior judgment involved herein was at the most merely voidable and not absolutely void (it was not attended with any vices of form and the court was clearly vested with jurisdiction of the subject matter and of the parties), and there having been no direct attack made by this defendant, it must be given full force and effect.

■ Alternatively, the defendant Board argues that the plaintiff's acceptance of a part payment of the judgment amounted to an accord and satisfaction and that plaintiff is, therefore, estopped from claiming the balance. The argument is without merit. We think that the Court of Appeal

properly disposed of this contention as follows: "As pointed out in the case of Davis-Wood Lumber Co. v. Farnsworth & Co., La.App., 171 So. 622, 625, in order to maintain a plea of estoppel based on the doctrine of accord and satisfaction there must be present: (1) an unliquidated or a disputed claim; (2) a tender by the debtor; and (3) an acceptance of the tender by the creditor. Here the first requirement has not been met. The claim was unliquidated and disputed prior to final judgment. But such is no longer the case. Since the judgment became final upon the denial of the board's application for writs the claim has been liquidated and the dispute has come to an end."

For the reasons assigned the writ heretofore issued is recalled and the decree of the Court of Appeal, which approved the judgment of the district court, is affirmed and made the judgment of this court.