STOULIG, Judge.
On the application of John R. Neyrey, defendant-relator, we granted an alternative writ of mandamus relative to a judgment of October 16, 1972, which amended a prior judgment dated June 21, 1972 by qualifying that portion of the original decree ordering the cancellation and erasure of all inscriptions in the mortgage records for the Parish of Jefferson.
The issue raised by the writ — the validity of the amending judgment of October 16, 1972 — can be resolved by the determination of whether the amendment was one of phraseology or mathematical computation within the contemplation of LSA-C. C.P. art. 1951 and/or whether the trial court had jurisdiction of the subject matter at the time of the rendition of its amending judgment.
In its judgment of June 21, 1972, the trial court directed the Sheriff and the Clerk of Court for the Parish of Jefferson “to cancel and erase all the inscriptions in the mortgage records for the Parish of Jefferson enumerated in the aforesaid Agreement of Compromise.” This part of the decree was amended by the subsequent judgment of October 16, 1972, to order that the cancellation and erasures of inscriptions from the mortgage records would be contingent “ * * * upon the said John R. Neyrey having satisfied and discharged his obligations to said lien holders, judgment creditors and mortgage holders as set forth in said Agreement of Compromise * * One of the obligations *810 of Mr. Neyrey in the compromise agreement required the payment of $24,000 in 12 equal monthly installments.
Thus the judgment of June 21, 1972, unequivocally ordering the immediate cancellation of inscriptions in the mortgage records, was changed so that the order of cancellation was conditioned upon Mr. Neyrey’s satisfying his obligation to pay the sum of $24,000 at the rate of $2,000 per month, thereby in effect extending the cancellation date 12 months beyond that prescribed in the original judgment. Obviously the change effected by the amended judgment is substantive in nature and therefore not authorized by Article 1951, which permits only the correction of errors of phraseology and computation. Therefore we find this judgment to be invalid.
Numerous claimants were recognized and their rights were established by the judgment of June 12, 1972, from which only three of them, Berner’s, Inc., James M. Lockhart, Jr., and Causeway Mortgage Company, Inc., have devolutively appealed. These devolutive appeals do not suspend the execution of the June 12, 1972 judgment, nor do they have any bearing on the invalidity of the judgment of October 16, 1972.
No appeals having been filed on behalf of the remaining creditors before September 26, 1972, the date of the expiration of the delay for the taking of a devol-utive appeal in accordance with LSA^C.C. P. art. 2087(1), the judgment of June 21, 1972, is final and determinative of the rights of these particular claimants.
In both instances the trial court was powerless to alter or modify the judgment as to any claimant, save and except for the purposes expressed in LSA-C.C.P. art. 1951. The amended judgment did not accomplish any of these specified purposes.
Because the amended judgment was rendered while the devolutive appeals were pending an issue of the lack of jurisdiction of the trial court under LSA-C.C.P. art. 2088 was created. In view of our determination that the amended judgment of October 16, 1972, was invalid as constituting a change in substantive rights, we find it unnecessary to pass upon the question of jurisdiction.
For these reasons we annul, set aside and vacate the judgment of the trial court dated October 16, 1972, and remand this case for further proceedings consistent with the views herein expressed.
Judgment annulled; remanded.