283 So.2d 217 (1973)
LICOHO ENTERPRISES, INC.
v.
SUCCESSION of Herbert CHAMPAGNE.
No. 53149.
Supreme Court of Louisiana.
September 24, 1973.
*218 Gerald H. Schiff, Sandoz, Sandoz & Schiff, Opelousas, for plaintiff-applicant.
Minos H. Armentor, Armentor & Wattigny, New Iberia, for defendant-respondent.
BARHAM, Justice.
On February 22, 1968, Herbert Champagne, now deceased, executed a demand note payable to Warren J. Moity for $75,000.00 plus 8 per cent interest from date and thirty-three and one-third per cent (331/3%) attorney's fees. The note was subsequently transferred by Moity to Licoho Enterprises, Inc. in exchange for the corporation's stock. On April 10, 1968 Licoho filed suit against Champagne on the note in Orleans Parish. Licoho obtained a default judgment on the note on May 6, 1968; it was recorded in the mortgage records of Iberia Parish, Champagne's domicile, on June 19, 1968. Champagne died October 15, 1968 leaving a widow and one adopted child.
After qualifying as administratrix of her husband's succession, the widow filed suit in Orleans Parish on April 29, 1969, against Warren J. Moity and Licoho Enterprises, Inc., seeking to annul the deed, promissory note and judgment on the grounds of fraud, lack of consideration, simulation and insanity. Exceptions of no right or cause of action were overruled on June 4, 1970, and defendants filed their answers on June 22, 1970. The suit is set for trial on October 19, 1973.
On July 17, 1979, Licoho filed suit in Iberia Parish against the succession seeking to have the Orleans judgment made executory under Code Civ.Proc. Art. 2782. A writ of fieri facias issued and certain succession property was seized. Thereafter the administratrix filed an answer, reconventional demand and third party action against Licoho and Moity, seeking $25,000.00 damages for wrongful seizure of succession property, revocation of the fieri facias writ and restoration of the property, and a judgment rescinding and annulling the act of sale, promissory note and Orleans Parish judgment against Champagne. Licoho dismissed its suit on July 24, 1970 because of the provisions of Code Civ. Proc. Art. 3247; the reconventional and third party demands were not dismissed.
Licoho then filed suit on July 24, 1970, seeking enforcement of the Orleans Parish judgment by having same scheduled on the *219 administratrix's tableau of distribution as an obligation of the estate. The administratrix again filed an answer, reconventional demand and third party petition, denying that Licoho was a creditor, alleging the note, deed and judgment were obtained by fraud and asking that they be annulled and rescinded, and citing Warren J. Moity as a third party defendant. The two suits were consolidated on June 28, 1971.
After a trial on the merits, the trial judge ruled in favor of the succession. In his reasons for judgment he noted that Herbert Champagne, while in a paranoid state, had attempted a fraud on his wife by means of a null document. The court found that the promissory note was issued by Champagne without any consideration, was simulated and was thus absolutely null. The deed from Moity to Champagne and the Orleans Parish judgment were also found to be absolutely null. The court ordered the note, deed, and judgment cancelled from the public records in St. Martin, Iberia and Orleans Parishes.
The Third Circuit Court of Appeal, 270 So.2d 139, recognized that the Iberia court did not have jurisdiction to annul the Orleans judgment. Code Civ.Proc. Arts. 2006 and 44. However, the appellate court noted that Iberia had jurisdiction to determine the debts of the succession. The court then relied on its power under Code Civ. Proc. Art. 2164 to "* * * render any judgment which is just, legal, and proper upon the record on appeal * * *" and refused to recognize the Orleans judgment because of the fraud involved. On the main demand judgment was rendered in favor of the succession rejecting Licoho's demands; the Orleans judgment was held inoperative and unenforceable. Licoho was cast for costs. They applied for writs to this court.
The appellate court was correct in ruling that the Iberia court did not have jurisdiction to annul the Orleans judgment. Code Civ.Proc. Art. 2006 provides an action to annul a judgment must be brought in the trial court. Code Civ.Proc. Art. 2004 provides a final judgment obtained by fraud or ill practices may be annulled and such an action must be brought in one year from the discovery of the fraud. In the comments under this article the reporter notes: "No specific provision has been made regarding the manner of asserting the grounds of nullity in the above article. This was thought unnecessary in view of the established jurisprudence to the effect that such grounds must be asserted in a direct action and cannot be raised collaterally. Bruno v. Oviatt, 48 La.Ann. 471, 19 So. 464 (1896); Caldwell v. Caldwell, 164 La. 458, 114 So. 96 (1927)."
After correctly ruling that the Sixteenth Judicial District Court could not annul the judgment in the Orleans court, the Court of Appeal, in its judgment, allowed respondent to do what that ruling said respondent could not do, i.e., to collaterally attack the judgment of the Orleans district court by holding the Orleans judgment inoperative and unenforceable. Holding the judgment "inoperative and unenforceable" in the instant case had the effect of declaring that judgment a nullity. This was error. The nullity proceeding must be pursued in the Civil District Court for the Parish of Orleans. Code Civ.Proc. Arts. 2006, 44.
Both courts below were attempting to do justice on the merits of the nullity action after reviewing the record before them. Justice may be had for all parties in these proceedings without considering or reviewing the merits of the nullity action. Under Code Civ.Proc. Arts. 2006 and 44, the non-waiverable mandatory venue for the nullity action is Orleans Parish, and the prior filed suit for nullity there must be disposed of so that a just adjudication may be had in these proceedings in Iberia Parish. This result can be obtained by directing a severance under Code Civ.Proc. Art. 465, and by transfer of venue under Code Civ. Proc. Art. 121. However, in the instant case, physical transfer of the severed action is unnecessary.
We reverse and set aside the judgments of the court of appeal and the district *220 court and remand these proceedings to the district court with instructions. We direct a severance of the tableau action (plaintiff's original suit) and the action of nullity (defendant's reconventional and third party demands) to permit a more orderly disposition of the controversy in the interest of justice. Since there is a suit pending and docketed for trial in the Civil District Court for the Parish of Orleans, Division B, presenting the identical issue of nullity as is presented in the reconventional and third party demands, we need not and do not transfer that severed action from the Sixteenth Judicial District Court for the Parish of Iberia to the Orleans court.
We stay further proceedings in the Sixteenth Judicial District Court pending final disposition of the action for nullity in the Civil District Court for the Parish of Orleans. We reserve to the parties all rights for further proceedings in the Sixteenth Judicial District Court following disposition of the action of nullity. The costs of all proceedings are to await adjudication of this suit in the trial court.
Reversed and remanded.
MARCUS, J., recused.