291 So.2d 861 (1974)
John MAKAR, Plaintiff-Appellant,
v.
William IVY, Jr., Defendant-Appellee.
No. 4467.
Court of Appeal of Louisiana, Third Circuit.
March 14, 1974.
Rehearing Denied April 11, 1974.
*862 John Makar and John B. Whitaker, in pro. per.
William E. Tilley, Leesville, Don Almerico, George T. Oubre, Steven F. Griffith, Norco, Jack L. Simms, Jr., Leesville, for defendant-appellee.
Before HOOD, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
Plaintiff John Makar appeals from a judgment maintaining defendant William Ivy, Jr.'s exception of res judicata. We reverse and remand.
The present action is related to Ivy v. Day, 254 So.2d 136 (La.App. 3 Cir. 1972), writ refused, 260 La. 288, 255 So.2d 772 (1972). In that action, Ivy had obtained a default judgment against Mr. and Mrs. Clyde H. Day for the amount allegedly due on two promissory notes. A $2,000 note was secured by a mortgage on a 40-acre tract of land in Vernon Parish. A $12,000 note was secured by a mortgage on an 8.84-acre tract of land, also in Vernon Parish. These mortgages were recognized in the default judgment. The tracts were seized and sold at public sales to satisfy the default judgment. Makar was the holder of a $50,000 note, secured by a mortgage affecting both tracts. Makar intervened, claiming that he was a superior creditor. The trial court rejected Makar's claim and this court affirmed. 254 So.2d at 141.
The issue on appeal was whether or not Makar's mortgage primed either or both of Ivy's. Makar alleged several theories which would support his contention. These theories consisted of allegations of extinguishment of the principal obligation, payment and re-issuance, and extinguishment through compromise. These arguments were rejected.
Also alleged, and of primary significance to the present litigation, was
Intervenor contends, finally, that Ivy cannot recover from the Days more than the amount which he paid for the two notes. The evidence indicates that Ivy paid $10,545.27 for those notes on December 19, 1966. Makar contends that the indebtedness of the Days under both notes thus cannot exceed that amount, and that since Ivy is not a holder in due course he is not entitled to recover from the Days the face amount of the notes, or the aggregate sum of $14,000.00, plus interest and attorney's fees. 254 So.2d at 141.
Makar's argument was summarily rejected:
We find no merit to this argument. We have already determined that the defense of payment or set-off is a special defense which can be urged only by the debtors. No such defense was urged by the Days in this suit, and we think the judgment rendered on June 19, 1967, finally determined the amount of their indebtedness to Ivy, and the fact that the indebtedness was secured by two mortgages. Intervenor does not have the right to attack that judgment collaterally in this proceeding. 254 So.2d at 141.
*863 Makar instituted the present action seeking to annul the default judgment obtained by Ivy against Mr. and Mrs. Day. The trial judge maintained Ivy's peremptory exception of res judicata, and dismissed Makar's suit at his costs. Written reasons were not assigned.
We are called upon to examine the doctrine of res judicata and this action to annul, in light of the expense of the previous litigation and the confines of the instant case.
LSA-C.C. art. 2286 serves as the basis for the doctrine of res judicata in Louisiana.
Art. 2286 The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
All elements listed therein are essential. The doctrine of res judicata is deemed strict juris, and must not be applied in case of doubt. Eugene v. Ventress, 253 La. 840, 220 So.2d 94 (1969); Quinette v. Delhommer, 247 La. 1121, 176 So.2d 399 (1965); Tucker v. New Orleans, Laundries, Inc., 238 La. 207, 114 So.2d 866 (1959).
Recognizing the basic principle of res judicata, the necessity that a time should come for the cessation of litigation, courts do not blindly prohibit its assertion by exclusively relying on presumptions against its application. Thus, matters which could have been raised in a previous action may, under certain circumstances, be barred in a subsequent action. See, New Orleans Firefighters Ass'n Loc. 632 v. City of New Orleans, 263 La. 649, 269 So.2d 194 (1972); Comment, Res Judicata "Matters Which Might Have Been Pleaded," 2 La.L.R. 347 (1940).
It is thus necessary to characterize the present action in comparison with the previously litigated matters. We viewed the prior litigation as concerning primarily ". . . whether the mortgage which secures the note held by intervenor Makar primes either or both of the mortgages securing the indebtedness of Mr. and Mrs. Day to plaintiff Ivy." 254 So.2d at 138. Also raised in that case by Makar was the issue of whether Ivy can recover from the Days more than the amount he paid for the two notes. (See quotations, supra.) Fraud was not specifically plead in that action.
Makar petitioned in the instant case for an annulment & attachment and ranking of privileges. He alleged:

4.
Petitioner has just learned and alleges on information and belief that said judgment was obtained by fraud, ill practice and perjured testimony in the following non-exclusive particulars:
1. Despite the fact that the total balances ostensibly owed on said notes came to but $10,545.27, judgment was rendered for $2000.00 and $12,000.00, the full face values of the notes, plus interest and fees.
2. That petitioner alleges on information and belief that William Ivy, Jr. testified on trial of the case that the full face values of the notes were due and owing, which to his certain knowledge was not a fact and thus was false, fraudulent and perjured testimony. Tr. 3
Makar thus alleges a set of facts which could result in annulment of the default judgment for vices of substance. LSA-C. C.P. art. 2004. The grounds of nullity must be asserted in a direct action and cannot be raised collaterally. Comment (d) to LSA-C.C.P. art. 2004 specifically states that a provision as to the manner in which such grounds of nullity may be asserted *864 was unnecessary in light of the established jurisprudence that it must be brought directly rather than collaterally, citing Bruno v. Oviatt, 48 La.Ann. 471, 19 So. 464 (1896), and Caldwell v. Caldwell, 164 La. 458, 114 So. 96 (1927). This proposition has had continued application since the adoption of the Code of Civil Procedure. Pontchartrain Park Homes v. Sewerage & Water Bd., 246 La. 893, 168 So.2d 595 (1964); Collins v. Zachary Hardwood Lumber Company, 207 So.2d 796 (La.App. 1 Cir. 1968).
It was in keeping with this well established jurisprudential rule that we announced in three portions of our previous opinion that the default judgment was not subject to collateral attack. 254 So.2d at 140, 141.
Makar's failure to specifically plead fraud in the prior action does not bar the instant suit. We specifically held that the default judgment was not subject to collateral attack by the intervenor Makar. That holding was in line with the well-established jurisprudence to the effect that final judgments are presumed valid and may be upset only by direct attack, rather than collateral. Thus, if Makar had specifically alleged fraud in the acquisition of the default judgment, we could not have properly ruled upon that allegation at that time. The thing demanded in the instant suit is not the same. LSA-C.C. 2286.
Had Makar's petition claimed only preference in the proceeds of the judicial sale arising out of a security interest, we would affirm the ruling on the exception. Those matters and all incidents related thereto were presented and properly considered in Ivy v. Day. The allegation of fraud, however, was not an issue in that case. Makar is entitled to his day in court to introduce evidence supporting his allegation of fraud concerning the balances due on the mortgage notes of $12,000 and $2,000 issued by Day to Ivy.
The judgment of the trial court maintaining Ivy's exception of res judicata is reversed and set aside. The case is remanded for further proceedings. Costs of this appeal are taxed to William Ivy, Jr., defendant appellee.
Reversed and remanded.
HOOD, J., dissents and assigns written reasons.
HOOD, Judge (dissenting).
I would readily concur with the majority in remanding the case if plaintiff's petition in the instant suit alleged any facts or presented any issues which were not specifically considered and ruled on by this court in its earlier decision.
This action is a direct attack on the judgment, and I agree that plaintiff has the right to attack it in that manner. The only grounds urged for the relief sought, however, are those contained in Article 4 of plaintiff's petition, which article is quoted in full in the majority opinion.
I believe that the allegations in that article and all other pertinent allegations in the petition, at best, constitute only conclusions of law, and that plaintiff's petition does not present any issue or allege any ground for the relief sought which was not considered and finally determined by us when we decided the original suit. There is no issue to be tried on the remand, therefore, and no relief which the trial court can give plaintiff under the existing pleadings.
Under those circumstances, I feel that the trial judge correctly sustained the exception of res judicata filed by defendant.
For these reasons I respectfully dissent.