REDMANN, Judge.
This appeal questions the sufficiency of the evidence to annul an earlier default judgment on a demand bearer note, for $75,000 principal, 8% interest and 33j/3% attorney’s fees.[1]
The note was allegedly given to defendant Moity as the price of a transfer in the form of a sale of property in full ownership, which Moity testified was intended to be only an assignment of a mineral lease. Moity did not own the property, but had had a mineral lease on it. The lease had had a 90-day term, extendable only by drilling or reworking. Moity had not done any drilling or reworking. Moity assigned the lease to plaintiff’s now deceased husband, Champagne, several months after the lease’s 90-day period had expired.
Champagne lived in New Iberia but came to New Orleans to receive personal service of the suit on the note about a month after the note was executed.
Champagne had been seeing a psychiatrist during this period. The psychiatrist testified that Champagne had paranoid schizophrenia; that Champagne believed his wife and some of his stepchildren were trying to steal his property. A lay witness testified Champagne offered him $2,000 to take title to all of Champagne’s property, to place it beyond the wife and children’s reach while by secret agreement it would remain Champagne’s, subject to retransfer to him.
The evidence suffices to annul the judgment on the note, C.C.P. art. 2004.
*222 Moity may have perpetrated a fraud on Champagne, who may have believed he was buying land rather than an expired mineral lease. Or Moity may have joined Champagne in perpetrating a fraud on Mrs. Champagne, by creating a false judgment debt which would destroy the marital community. There is no other rational explanation.
The judgment is affirmed.

. For earlier nullity proceedings in Iberia parish, see Licoho Enterprises, Inc. v. Succession of Champagne, La.App. 3 Cir. 1972, 270 So.2d 139, annulled for lack of jurisdiction, La.1973, 283 So.2d 217.