SAMUEL, Judge.
This is an appeal from a default judgment rendered on a reconventional demand. Herbert A. Pepper filed the original suit against his five children in the 24th Judicial District Court for the Parish of Jefferson for the return of funds which he claims they misappropriated.
The petition and copies of the judgment of possession and descriptive list attached thereto allege and show that Louise Ben-dex Pepper, plaintiff’s wife and defendants’ mother, died testate on September 9, 1969; her succession was opened thereafter in the 22nd Judicial District Court for the Parish of St. Tammany by her husband and the five children; and the judgment of possession placed plaintiff in possession of three-fourths of the total community and the children in possession of the remaining one-fourth. The petition further alleges: The only assets of the succession were a lot with improvements in St. Tammany and a 1966 Buick automobile; by mutual agreement plaintff and the defendants sold the immovable property; with the consent of the defendants plaintiff kept all of the succession assets to use as he saw fit; plaintiff later became ill and executed a power of attorney in favor of his daughter, Evelyn Pepper Trosclair, giving her authority to withdraw from his savings account in the event his illness would render him unable to manage his affairs; and on May 6, 1970, Mrs. Trosclair, acting for herself and on behalf of the other childen, withdrew $7,500 from the savings account and divided the same equally among the five defendants. The petition prays for the return of $4,525.
Defendants answered, admitting they received the money on May 6, 1970, which they characterize as their share- in the estate of their late mother, and denying any loss was sustained by their father.. They further averred the testamentary disposition in favor of their father was excessive, and that the succession consisted of additional assets which were not identified in the descriptive list. They reconvened for the sum of $1,058.08 in equal proportions of one-fifth for each of the children.
Mr. Pepper filed various exceptions to the reconventional demand, which exceptions were overruled after a hearing. However, he failed to answer the demand. A preliminary default was taken by plaintiffs in reconvention and later confirmed. That judgment is in favor of the children for the amount claimed in the proportion of one-fifth each. Mr. Pepper has appealed.
While we doubt plaintiffs in reconvention can proceed in the 24th Judicial District Court for the Parish of Jefferson to collaterally attack the judgment of possession obtained, and apparently obtainable only, in the 22nd Judicial District Court for the Parish of St. Tammany,[1] because in this appeal appellant makes no objection thereto, and because of the result we reach on other grounds, we do not consider that question.
Our settled jurisprudence is that, in order to recover, a plaintiff who seeks a judgment by default must make his claim legally certain and must prove the essential allegations of his petition as fully as if they had been specifically denied.[2] We find the appellees have failed to meet these requirements.
*565 On confirmation of the default ap-pellees presented the testimony of Mr. Pepper’s daughter, Mrs. Evelyn Pepper Tros-clair, his son, Edward Pepper, and his daughter-in-law, Mrs. Ethel Pepper. They also introduced into evidence Mr. Pepper’s deposition which had been taken by counsel for the children.
The evidence was adduced for two purposes: (1) apparently for the purpose of implying that the assets of the succession were greater than reflected by the descriptive list, to show that Mr. Pepper had spent, used or still possessed more money than he could have received from the listed succession assets; and (2) to show the existence of other assets not mentioned in the succession proceeding. However, the testimony given by the two children and the daughter-in-law is largely self-serving, partly hearsay and otherwise insufficient.
Appellees rely on the presumption of community, citing Succession of Hyde,[3] wherein the court said “there exists a presumption juris et de jure that property acquired during the existence of the community of acquets and gains in the name of either spouse, . . . is an asset of the community.” Here there is no evidence at all regarding whether or not the property in dispute actually was acquired during the existence of the community. In addition, the evidence does not establish that some of the items appellees claim as property belonging to the succession were in fact still in existence at the time of the decedent’s death. Finally, and probably most importantly, neither the decedent’s will nor a copy thereof was introduced into evidence. Appellant contends, and appellees concede in brief, that the decedent left a will which gave one-half of her estate to her husband[4] and also gave her husband a lifetime usufruct over that portion of her estate which was given to the children. Insofar as we can see, it was impossible for the trial court to come to a proper con-elusion relative to the effect of this usu-fruct on appellant’s right to the possession and use of the succession assets, particularly of the money assets, without considering the will and its wording. The matter is further complicated by the fact that Mr. Pepper has remarried.
For the reasons assigned, the judgment appealed from is annulled and set aside and this matter is remanded to the 24th Judicial District Court for the Parish of Jefferson for further proceedings according to law. The appellees are cast for the costs of this appeal; the assessment of all other costs is to await a final determination.
Annulled and remanded.

. On a somewhat similar question, annulment of a judgment, see Licoho Enterprises, Inc. v. Succession of Champagne, La., 283 So.2d 217.

. Calvert Fire Insurance Company v. Felton, La.App., 244 So.2d 311, and cases cited therein.

. La.App., 281 So.2d 136.

. Instead of the maximum one-third permitted by LSA-C.C. Art. 1493.