375 So.2d 122 (1979)
Janet Lassen SIZELER, wife of Rickey M. Sizeler
v.
Rickey M. SIZELER.
No. 10202.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1979.
Rehearing Denied August 10, 1979.
Writ Refused October 19, 1979.
*123 Jerald N. Andry and Gilbert V. Andry, III, New Orleans, for plaintiff-appellee.
Thomas M. Willmott, Metairie, for defendant-appellant.
Before REDMANN, GULOTTA and STOULIG, JJ.
GULOTTA, Judge.
The defendant-husband appeals from a September 22, 1978 judgment which, 1) denies his request to set aside a March 10, 1978 judgment awarding alimony pendente lite to the plaintiff-wife in the sum of $275.00 per month; 2) increases, retroactively, the alimony award in the March 10th judgment from $275.00 per month to $500.00 per month from December 22, 1977, the date of the filing of the petition for separation, to September 15, 1978, the date of the hearing of the rule in question; 3) increases alimony pendente lite in favor of the wife to the sum of $317.00 per month from October 1, 1978; and 4) finds the husband in contempt.
Before us, also, in this appeal is an October 16, 1978 judgment dismissing the husband's exception to the wife's use of summary proceedings, to set aside and annul the March 10, 1978 judgment. The husband also complains that the trial judge erred in maintaining the wife's exception to the husband's motion to hold the wife in contempt because of her failure to disclose that she had been employed at the time of the hearing for alimony pendente lite.
Because this appeal raises a serious procedural problem, we first address the issue whether or not summary proceedings may be used to annul or alter the substance of an earlier, March 10, 1978 judgment, from which no appeal has been taken. In this connection another procedural problem confronting us is whether an exception to the use of summary proceedings filed at 11:20 a. m. when the matter was set for trial for 10:00 a. m. (the trial actually commenced in the afternoon subsequent to the filing of the exception) was untimely filed.
LSA-C.C.P. art. 2592 provides that summary proceedings may be used, among other things, for the original granting of, subsequent change in, or termination of alimony. LSA-C.C.P. art. 2593 provides that the summary proceeding may be commenced by the filing of a rule to show cause, and exceptions to such a rule ". . . shall be filed prior to the time assigned for, and shall be disposed of on, the trial . . ." The trial judge in dismissing the husband's exception to the use of summary proceedings concluded that because the exception was filed subsequent to the time the matter was scheduled for trial, i. e., 10:00 a. m., the exception was not filed "prior to the time assigned" and was therefore untimely.
We do not agree, as a matter of law, with the trial judge. In those cases relied upon by the plaintiff-wife[1] the untimely exception was filed after the hearing had been commenced. In other cases,[2] where exceptions to the use of summary proceedings were filed on appeal, these exceptions were also held to be untimely. The obvious reasoning behind the adoption of LSA-C.C.P. 2593 is to afford an opportunity *124 for the court to consider, in limine, the question of whether or not the matter before the court can properly be heard in a summary proceeding. Because an exception filed prior to the commencement of the actual hearing (as distinguished from the time the matter is set or scheduled for hearing) affords the in limine opportunity to the trial judge, we conclude that the exception filed in this case was timely.
Having so concluded we now turn to the issue of whether or not summary proceedings may be used to annul or alter the substance of an earlier (March 10, 1978) judgment from which no appeal has been taken. The Louisiana Supreme Court in Halcomb v. Halcomb, 352 So.2d 1013 (La., 1977) citing language from Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954), stated that the jurisprudence is well settled that a judgment for alimony is in the nature of property and is protected against alteration or annulment ". . . except by the method and for the causes prescribed by law . . ."
LSA-C.C.P. article 2004 provides that a final judgment obtained by fraud or ill practices may be annulled. The article further provides that the action to annul must be brought within one year of discovery of the fraud or ill practices. In Columbia Radio & Supply Company v. Jordan, 215 So.2d 553, (La.App. 4th Cir., 1968) we stated that an action for nullity of judgment was neither a summary nor an executory proceeding, but an ordinary one and must comply with the rules governing ordinary proceedings.[3] Furthermore, it is well established that the grounds for nullity must be asserted in a direct action and cannot be raised collaterally.[4]
Moreover, LSA-C.C.P. article 1951 provides that a final judgment[5] may be amended to alter the phraseology of the judgment, but not the substance, or to correct errors of calculation. See Hug v. Hug, 230 So.2d 333, (La.App. 4th Cir., 1970), writ denied, 255 La. 811, 233 So.2d 250 (La.1970); King v. King, 253 So.2d 660 (La.App. 1st Cir., 1971), writ denied, 260 La. 128, 255 So.2d 353 (La.1971).
In the instant case the September 22, 1978 judgment which retroactively increased the alimony to the sum of $500.00 per month clearly alters the substance of the March 10th $275.00 monthly alimony award. Such an alteration in substance cannot be granted except by ordinary proceedings in an action for nullity, if brought within the time prescribed in LSA-C.C.P. article 2004.
Accordingly, because revision of the March 10, 1978 judgment was erroneously sought in a summary proceeding, we are compelled to set aside that part of the judgment which retroactively increases the March 10, 1978 alimony award from $275.00 per month to $500.00 per month from December 22, 1977 to September 15, 1978. Because of our holding, the suspension of the contempt sentence must be conditioned upon the payment by the husband of the accumulated alimony arrearage based on the $275.00 monthly March 10, 1978 award and not on the arrearage based on the retroactively increased $500.00 per month award.
On the other hand, we reject the husband's contention that the increase for future alimony to the sum of $317.00 is an abuse of the trial court's discretion. The husband testified at the September hearing that his 1977 earnings from the business amounted to $19,274.29. His income tax return, included in the record, confirms this figure. It was stipulated at this hearing that the wife's net earnings amounted to $476.00 per month. Under the circumstances, we cannot say the trial judge erred in granting the increase to the wife.
*125 Finally, we find no merit to the defendant-husband's contention that the trial judge erred in maintaining the wife's exception to the husband's motion to hold her in contempt because of her failure to disclose that she had been employed at the time of the January 27, 1978 hearing resulting in the March 10, 1978 judgment. The wife stated at the January hearing that she was in school and had no "outside" income. However, she did testify at the September hearing, that she was employed in the last part of January 1978.
To support his motion to hold his wife in contempt, reference is made by the husband to the wife's deposition in which she stated that she discontinued working for a period during the week of March 10, 1978 because she "was going into court around March 10th for a decrease or increase of alimony." Admittedly, the depositions were not offered into evidence. Under these circumstances depositions cannot be considered. See Young v. Fryoux, 222 So.2d 638 (La.App. 4th Cir., 1969); Welch v. Robert Campbell, Inc., 316 So.2d 822 (La. App. 1st Cir., 1975) writ denied, 321 So.2d 523 (La.1975).
Furthermore, the husband's meritorious argument that the wife cannot, in a summary proceeding, annul an earlier judgment is also applicable in that the husband cannot, by a rule to show cause, reduce retroactively the March 10, 1978 pendente lite award.
We cannot say, therefore, that the trial judge erred in maintaining the wife's exception of no cause of action.
Consistent with the foregoing, that part of the September 22, 1978 judgment, which amends and reforms the March 10, 1978 judgment, retroactively increasing alimony pendente lite from $275.00 per month to $500.00 per month from December 27, 1977 to September 15, 1978 is annulled, rescinded and set aside. Further, that part of the judgment suspending the execution of the contempt order is amended to provide that suspension be conditioned upon the payment of accumulated alimony arrearage based upon a $275.00 monthly alimony award. In all other respects the judgment is affirmed. Costs of this appeal to be divided equally between the parties.
ANNULLED, RESCINDED & SET ASIDE IN PART; AFFIRMED IN PART.
NOTES
[1] Thomas v. Signal Insurance Company, 236 So.2d 874 (La.App. 3rd Cir., 1970) and Abrams v. Succession of Abrams, 252 So.2d 705 (La. App. 1st Cir., 1971).
[2] Barnett Home Appliance Corporation v. Guidry, 224 So.2d 134 (La.App. 3rd Cir. 1969), writ denied, 254 La. 795, 226 So.2d 922 (1969); and In re Lomm, 195 So.2d 416 (La.App. 4th Cir., 1967), writ denied, 250 La. 541, 197 So.2d 81 (La. 1967).
[3] See also Baton Rouge Bank and Trust Company v. Subco, Inc., 306 So.2d 312 (La.App. 4th Cir., 1974).
[4] Bruno v. Oviatt, 48 La.Ann. 471, 19 So. 464 (La.1896) and Caldwell v. Caldwell, 164 La. 458, 114 So. 96 (La. 1927).
[5] No appeal has been taken from the March 10th judgment and presumably has become final. See LSA-C.C.P. 2087; International City Bank and Trust Co. v. Neyrey, 276 So.2d 808 (La.App. 4th Cir., 1973).