Dear Ms. Hollingsworth:
You have requested an opinion of the Attorney General regarding the procedures implemented by the Louisiana Crime Victims Reparations Board (Board) in reimbursing service providers on behalf of crime victims. You state that the Board pays less than one hundred percent of an outstanding balance to a service provider (e.g., a physician, hospital, therapist).
The Board's check bears the notation "Paid in Full" on the front. Attached to the check is an agreement statement which states that the check represents the provider's agreement to accept the amount as payment in full and its agreement not to attempt to recover any residual from the victim.
You state that some providers are negotiating the check and still attempting to collect the residual from the victim. You specifically ask whether the notation "Paid in Full" and the attached statement binds a provider who negotiates the check to the terms therein (i.e., to accept the lesser amount). We are of the opinion they do not.
Initially, it must be noted that the statutory provisions comprising the Crime Victims Reparations Law (LSA-R.S. 46:1801, et seq.) contain no restrictions which limit the amount providers are entitled to receive for their services.
There are several theories recognized by Louisiana law and jurisprudence which can result in the extinguishment of an indebtedness. The first is the jurisprudential doctrine of accord and satisfaction.
In order to successfully maintain a defense based on accord and satisfaction there must be (1) an unliquidated or disputed claim, (2) a tender by the debtor, and (3) an acceptance of the tender by the creditor. Pontchartrain Park Homes v. Sewerage and Water Board, 246 La. 893, 168 So.2d 594 (1964) and American Bank and Trust Co. v. Hannie, 568 So.2d 216 (La.App. 3rd Cir. 1990), Writ Denied.
From the information submitted with your request, there is no evidence whatsoever to suggest that the fee billed by the provider is in dispute. To the contrary, the statement attached to the check acknowledges a partial payment of 65% of the total fee charged. In the absence of a dispute over the amount due, no accord and satisfaction can take place. American Bank and Trust Company v. Hannie, cited supra. We focus now on the doctrine of transaction or compromise.
La. C.C. Art. 3071 states:
 "A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
 This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form."
The doctrine of transaction or compromise is clearly inapplicable to your factual situation. There is no lawsuit and no written agreement. The statement attached to the provider's check does not constitute a bilateral contract and/or document signed by both parties — thus, no meeting of the minds. See American Bank and Trust Co. v. Hannie, cited supra. We now turn our attention to the doctrine of novation.
La. C.C. art. 1879 defines "novation" as the extinguishment of an existing obligation by the substitution of a new one. Again, the statement attached to the provider's check does not evidence an intention on the part of the provider and/or the Board to extinguish the obligation of the provider's fee and to substitute a new obligation in its place. Finally, we examine the doctrine of equitable estoppel.
Estoppel is not favored in Louisiana law. Howard Trucking Co., Inc. v. Stassi, 485 So.2d 915 (1986). Nevertheless, when estoppel is appropriate, the elements required for its application are (1) a representation by conduct or work; (2) justifiable reliance thereon; and (3) a change of position to one's detriment because of reliance on such representation. John Bailey Contr. v. St. Dept. of Transp. and Dev., 439 So.2d 1055
(1983). There is nothing in the information submitted to indicate that the provider acquiesced to the Board's agreement statement so as to constitute a representation upon which the Board and/or victim could justifiably rely. Further, neither the Board nor the victim changed their position to their detriment since 35% of the provider's fee is still due and owing from the victim.
Based on the foregoing, this office is of the opinion that the notation "Paid in Full" on the front of the check, and the agreement statement attached thereto, do not prevent the provider from negotiating the check and proceeding against the victim for the remainder of the provider's fee.
Trusting this adequately answers your question, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:lbw-0076R