## No. 5332.

### NELSON McSTEA vs. ROTCHFORD, BROWN & CO.

In a suit brought to revive a judgment no plea will be entertained, and no evidence considered, which assails the validity of the judgment sought to be revived.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J.* *T. Gilmore & Sons,* for plaintiff and appellant. *T. S. McCay* and *G. A. Breaux,* for defendants.

The opinion of the court was delivered by MANNING, C. J.

The plaintiff seeks to revive a judgment rendered in his favor in 1864 against the defendants, and they resist the revival upon the ground that the original judgment is null for want of proper citation.

Prior to the passage of the act of 1853 judgments were imprescriptible. They never died. That act imparted to them the quality of mortality, and *eo instante* prescribed the mode of averting extinction—" provided, however," the act reads, "that any party interested in any judgment may have the same revived at any time before it is prescribed by having a citation issued according to law to the defendant or his representative from the court which rendered the judgment,     *     *     *     * upon whom the citation shall be served, unless the defendant or his representative shows good cause why the judgment should not be revived." Revised Statutes of 1870, sec. 2813.

Without that act no petition to revive was necessary. The judgment existed, subject to attack at the times and for the defects specified in the laws pertaining to that subject. The act did not profess to provide, nor was it intended to provide, a new mode of attack, because of alleged nullities. Its title is "an act relative to the prescription of judgments." Acts 1853, p. 250. Its purpose was to assign a limit to the duration of judgments, and to provide for the prolongation of their existence on condition of certain proceedings being taken. It was not intended to

establish a new mode of revising, setting aside, or reversing judgments. Article 556 of the Code of Practice had designated the four modes by which this was to be done.

It has been held that the act of 1853 is not a statute authorizing a proceeding to annul a judgment on the ground that it was rendered on insufficient evidence. Drogre vs. Moreau, 23 An. 173. In that case the defendant urged that the petition for revival is insufficient because it does not mention the parish of her domicil, nor allege that the indebt-edness upon which was based the original judgment inured to her bene-fit, she being a married woman, and because it does not contain a prayer that she be authorized to stand in judgment. After remarking that these objections, if of any weight, should have been urged before the joinder of issue, the court say: "We do not think, however, that aver-ments of that kind are essential on a simple application to revive a judgment. The law simply provides the mode of interrupting the pre-scription of a judgment. It does not require the production of the same evidence upon which the judgment was originally obtained."

In Carondelet Navigation Company vs. St. Romes, idem 437, the appli-cation for revival was resisted on the ground of insufficient process, not that the process in the suit for revival, but the process in the original suit, was insufficient. The averment was that the defendant "was not legally cited, and that she never signed, nor authorized any one to sign for her, the obligation sued upon," and upon which the original judgment was based. The court rejected the plea, saying " the object of this pro-ceeding is merely to keep in force the judgment rendered heretofore by interrupting prescription." The defense in the case at bar is of the same character, and must be disposed of in the same manner.

The sole purpose of the act under review is to provide for the extinc-tion of judgments by lapse of time, and to enable parties holding them to avert this consequence by proceeding in the manner prescribed in it. The prescription of conventional mortgages is averted by their reinscrip-tion. The prescription of judgments must be averted by a suit for revival with service of citation. The judgment of revival rendered in such suit does not cure any defect in the original judgment. It does not validate a judgment which was or is subject to attack because ren-dered on insufficient evidence or insufficient process, nor does it affirm or ratify the original judgment. It can not be pleaded in bar of an action of nullity for any defect in the original judgment. Unquestion-ably the plea of payment could be heard in this action, because that, like the plea of prescription, if successfully maintained, would show that the judgment is extinct. Perhaps a total and entire absence of citation upon any one might be pleaded, if we can suppose a judgment to have been rendered without any process whatever, but a defense, the object

of which is to impugn the validity of the original judgment, can not be heard in this proceeding, which is taken solely because of the statutory declaration that unless it is taken the judgment will expire.

The testimony of plaintiff on the trial of this suit shows that the original judgment is entitled to a credit.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court is avoided and reversed, and that the judgment of plaintiff against defendants, described in the pleadings as having been rendered by the Second District Court of New Orleans on tenth of February, 1864, and signed on seventeenth of same month and year, is hereby revived, subject to the credit of four thousand three hundred and sixty-eight dollars on the twenty-third of December, 1862, and that the defendants pay costs in both courts.