Folger & Son vs. Slaughter et al.

---

No. 8201.

FOLGER & SON VS. W. S. SLAUGHTER ET AL.

In an action to revive a judgment, the defendant cannot set up in opposition to the revival, irregularities or relative nullities with which the original judgment was affected. In such an action, the sole questions that can arise or be determined, are, whether the judgment sought to be revived, was ever rendered and whether it still exists or has been extinguished in any of the ways provided by law. It is only to the revival of judgments which are absolutely void, as for want of citation or other like radical defects, that opposition can be made on the ground of nullity of the judgment.

APPEAL from the Seventeenth Judicial District Court, parish of East Baton Rouge. *Sherburne*, J.

---

*Samuel P. Greves* for Plaintiffs and Appellees.

*Herron & Beale* for Defendants and Appellants:

Where a judgment shows on its face, that it was rendered without issue joined, and without reasons being given by the judge for the same, it is absolutely null, and cannot be revived. Const. 1868, Art. 80; 32 An. 1006; 30 An. 363; id. 692.

---

The opinion of the Court was delivered by

TODD, J. This is a suit to revive a judgment.

The revival of the judgment is opposed on the grounds set up in the answer, which are substantially that plaintiff has no valid judgment against the defendant, susceptible of revival; that what is claimed to be a judgment shows on its face that it was rendered without issue joined on trial, and is, therefore, a nullity.

The judgment sought to be revived is as follows:

" This cause coming up for trial on the plea of prescription, filed by defendant, and the law and the evidence being in favor thereof, it is ordered, adjudged and decreed that there be a judgment in favor of Alexander Smith on the plea of prescription and against the plaintiff. It is further ordered that there be judgment in favor of Wm. S. Slaughter on one of the drafts sued on, to wit: the one dated February 8th, 1860,

$1853 65 due ten months after date, and against the said plaintiffs; and it is further ordered that there be judgment in favor of plaintiffs and against Wm. S. Slaughter on the draft dated May 28th, 1860, for 1488 09, and due 1st January, 1861, with eight per cent interest from maturity until paid, and four dollars costs of protest and cost of suit to be taxed. Thus done, read and signed in open court, this 10th July, 1870."

The record of the proceeding in the original suit shows:

That on the 21st of March, 1870, a judgment by default was entered against the defendant; that on the 28th of the same month the defendant filed a plea of prescription to the action.

That on the 6th of July testimony in open court was taken on exception, and the drafts sued on were introduced in evidence, and then follows the judgment signed on the 10th of July, 1870.

There is no evidence that there was a motion made for a new trial, or that any appeal was taken from the judgment.

The statute authorizing the proceeding to revive a judgment was passed in 1853. Prior to that time judgments were unprescriptible, and the object of the statute, as its title imports, was to subject judgments to extinguishment by prescription, and provide a mode by which such prescription might be interrupted. It was never intended by the act to provide a new and additional mode of annulling judgments. To accomplish this, parties must pursue the remedies provided by the Code of Practice, by new trial, appeal, actions of nullity and rescission, none of which were resorted to in this case. In an action to revive a judgment, the sole questions that can arise or be determined, are whether such judgment was ever rendered, and whether it still existed, or had not been extinguished in any of the ways provided by law. 30 An. 1330; 31 An. 326; 29 An. 69.

No judgment absolutely void, as for want of citation or other like radical defect, can be revived, because it is considered in law as never having been rendered; but nullities which are not absolute, but relative, cannot be invoked in such proceeding. Whatever be the legal force and effect of such judgment, not absolutely null, and however irregularly rendered, a party interested is entitled to have it revived. The judgment of revival does not correct defects in the original judgment, does not impart any additional force to it but whatever it is or was in the beginning, merely preserves it and saves it from extinction.

In the present case, the defendant was cited, a judgment by default was regularly rendered against him, more than two judicial days elapsed thereafter, a peremptory exception was filed by him, evidence was offered in proof of the demand, being the instruments that constituted the basis of the suit, and were before the judge when he rendered the judgment. No step was taken to correct any error in the judg-

ment, or irregularity in the proceeding, if any existed. The judgment was in favor of one of the defendants sued for the entire amount demanded, and largely in favor of the defendant now opposing the revival.

Under these facts, we cannot hold that the judgment was absolutely null, although the proceedings connected with it were somewhat irregular.

The plaintiffs were entitled to a revival of the judgment.

Judgment affirmed with costs.