## No. 108.

### Mrs. Anna M. Beall vs. Succession of David J. Elder.

As long as executors have not been discharged, they are amenable to a suit to revive a judgment obtained against the deceased testator.

The cancellation in part of the judicial mortgage, securing the judgment as to stated real estate, does not amount to the extinguishment of the judgment sought to be revived. The security may be abandoned or lost, but the debt continues to exist until extinguished. Such defenses can only be urged in an hypothecary action.

In a suit to revive, the only questions are, was a judgment rendered; was it extinguished, and if not, is the suit to revive in time ?

APPEAL from the First District Court, Parish of Caddo. *Taylor*, J.

*T. F. Bell* for Plaintiff and Appellee.

*Land & Land* for Defendants and Appellants.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action to revive a judgment.

The defendants, White & Tomkins, on whom citation had been served as *executors* of D. J. Elder, excepted on the ground that they were no longer such functionaries; that the succession entrusted to them had been finally wound up, and that they had ceased to be its represen-. tatives *prior* to the institution of this suit.

Upon the overruling of that preliminary defense, the defendants pleaded the prescription of ten years, and that the judgment sought to be revived, and the judicial mortgage resulting therefrom, were cancelled and erased.

From an adverse judgment the defendants and a third person, not originally a party, have appealed.

---

## On Exceptions.

The defendants have not shown that, at the time of service of citations on them, they had been discharged as executors of Elder.

The record shows that they filed a provisional account, which was never followed by a final account and tableau.

Nothing shows that the universal legatees, or heirs of Elder, have been put in possession of his estate.

Is is true, that his succession appears to have been thoroughly insolvent; that its assets were realized and distributed; that there was no necessity for the filing of a final account, and no occasion for the putting in possession of the heirs; but it does not follow, from these circumstances, that the executors, whose term does not, *as formerly,* expire with the year after appointment, became *functi officio,* and were consequently discharged, and ceased to be no more amenable to the Court as the legal representatives of the succession.

They could have been ruled to inventory newly discovered property; or to render a final account; or to produce vouchers to show how far the funds realized had been distributed, or like purposes.

They surely could be sued to revive a judgment obtained against Elder.

The exceptions were properly overruled.

---

## On the Merits.

The only questions to be decided were:

Was a judgment originally rendered against Elder?

Was that judgment in existence, in whole, or in part, at the institution of this suit to revive? 29 An. 69; 30 An. 692, 1330; 31 An. 326, 341; 33 An. 341.

The evidence shows that the judgment declared in the petition had been legally rendered, and that the suit to revive was brought, and the citations served, within ten years following the rendition of the judgment.

The defendants have failed to show its extinction in any of the modes prescribed by law.

It may be true, as is claimed by them, and by the third party appellant, that the judicial mortgage which resulted from the registry of the judgment was cancelled, as to certain lands acquired by the third party appellant after the averred cancellation had taken place, and that an action to rescind the cancellation may be prescribed by ten years; but it does not follow that the cancellation of the mortgage has extinguished the judgment. An abandonment or loss of the security of a debt is not equivalent to a remission of the debt itself.

Such questions can arise only in the hypothecary action brought to enforce the judicial mortgage, by which payment of the judgment is, it is claimed, still secured.

They find no place in the present controversy.

The theory of the defense, and the line of argument of the distinguished counsel of the appellants, is practically levelled, more against the uselessness of reviving a judgment which has little or no prospect of ever being satisfied, than against the right of the creditor of having it revived, which cannot successfully be resisted. The judgment may well be revived, and the mortgage which once secured it may long since have terminated, so that the property of the debtor, then affected, may have passed unencumbered to a third person.

We have read with interest the elaborate opinions of our learned brother of the District Court, overruling the exceptions and the defense on the merits, and find them substantially consonant with law and jurisprudence.

The judgment of revival however contains an error, no doubt clerical, which should be corrected. It allows *eight* per cent interest, instead of the *legal* interest specified in the original judgment.

It is, therefore, ordered and decreed, that the judgment appealed from be amended by striking therefrom the word *eight*, and substituting thereto the word *five*, and that thus amended it be affirmed at the cost of the plaintiff and appellee.