Theriot vs. Bayard.

## No. 1243.

### OZITE THERIOT, WIFE OF FELIX POTIER, VS. BARON BAYARD.

A court having probate jurisdiction is competent to homologate an account voluntarily
rendered by a tutor to his ward, suing for such, although such tutor be domiciled
beyond its territorial boundaries.

That court may also find and render a money judgment in favor of the ward against such
tutor, and is competent to revive such judgment, although the tutor continues so to
be domiciled.

If the tutor had a right to except to the petition of the ward claiming an account on the
ground of his having his domicile out of the jurisdiction of the court, he should have
done so before judgment. Having then failed to urge it, he cannot raise it as a
defense to the proceeding to revive.

APPEAL from the Twenty-first District Court, Parish of St. Martin.
*Gates*, J.

---

*Felix Voorhies* for Plaintiff and Appellee :

1. The proper form in which to bring an action for the revival of a judgment is that in
which the judgment was rendered. 23 Ann. 594; 28 Ann. 869.

2. In a suit of revival of judgment, the defendant cannot raise any defense short of the
absolute nullity of the original judgment. 34 Ann. 340.

3. Parish courts, as courts of probate, had unlimited jurisdiction in all probate matters.
C. P. 127, 128, 922, 923, 924, et als.

4. The action to compel tutor to account is essentially a probate proceeding, and the
court which has appointed him has alone the power to supervise his acts as tutor and
to compel him to account. C. P. 997, 998; C. C. 357. A party against whom a judg-
ment has been rendered in *the court of his own selection, on citation issued at his request*,
on the *evidence tendered by him*, cannot plead its nullity on the ground that it has no
jurisdiction *rationæ personæ* as to him if in other respects that court has competency to
try the subject matter. 31 Ann. 89; C. P. 93.

*Robt. S. Perry* for Defendant and Appellant:

The court having jurisdiction of the place of residence or domicile of the minor alone has
jurisdiction over the tutorship, or of any of its incidents, and the account of tutorship
can be rendered alone to that court. This has become a rule of property. C. C. 39;
C. P. 944, 945, 924; 23 Ann. 693; 12 Ann 60; 14 L. 478; 2 R. 160, 420; 3 R. 303; 5 N. S.
624; 5 Ann. 565; 13 Ann. 265; 14 Ann. 565; 9 M. 499; 32 Ann. 1037.

The jurisdiction is of the subject matter, and is exclusive. It cannot be waived by the
ward nor by the tutor. Nor can it be assumed by any court which has it not under the
law. C. P. 92; 29 Ann. 237; 21 Ann. 662.

The resulting absolute nullity may be pleaded in answer to a suit to revive a judgment.
21 Ann. 662; 30 Ann. 364, 692; 32 Ann. 1006; 33 Ann. 341; 34 Ann. 340, 413.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a suit to revive a judgment.

The defense is an exception to the jurisdiction and, further, that
the court which rendered the judgment was wholly incompetent and
that the judgment is an absolute nullity.

From an adverse judgment the defendant appeals.

44

The facts are that Charles Theriot, plaintiff's father, having died in 1857, in the parish of St. Martin, the place of his domicile, his succession was there opened, administered upon and settled; and that the defendant, who then was domiciled in the parish of St. Mary, and has not since changed his domicile, was appointed tutor to the plaintiff and qualified as such.

On her attaining the age of majority she brought proceedings, in June, 1866, against her tutor for an account before the district court of St. Martin, which had succeeded the parish court, by whom the judgment had been rendered. In September following he voluntarily complied with the demand and rendered an account, which was opposed by the plaintiff, and, after considerable litigation, homologated long after, April, 1876, the court amending the account in some respects and decreeing plaintiff entitled to recover $7505 from the accountant, with legal interest till paid. This judgment was never appealed from. The present suit, brought in March, 1885, before the district court of St. Martin, has for its object to revive it.

### I.

The exception to the jurisdiction of the district court over the defendant, who is not domiciled within its territorial limits, appears to have been abandoned, for defendant's counsel frankly admits that if the court that rendered the judgment on the account has jurisdiction, the present action has been instituted in the proper *forum*. The determination of the question of such jurisdiction is therefore contingent upon the decision of that of the court which homologated the account, which will solve the preliminary defense in this case. We shall now proceed to consider it.

### II.

It is settled that the object of a proceeding to revive a judgment is merely to keep the judgment in force by interrupting prescription, which otherwise would terminate its existence, matters and things remaining otherwise in *statu quo*, just as if the statute of prescription had never been enacted.

Although it has been held that in such suit no plea or evidence assailing its validity could be entertained, this Court has recognized in the defendant the right to set up and establish the absolute nullity or extinction of the original judgment, as when the court was incompetent, or when, not being such, the judgment had been rendered by default and without citation, or when it has been extinguished in any

of the ways provided by law.   30 Ann. 1330; 31 Ann. 326; 29 Ann. 69;
33 Ann. 342, 340, 413, 1296–1301.

In the case of Folger vs. Slaughter, 33 Ann. 342, the Court, however,
distinctly said :   "Nullities which are not *absolute*, but *relative*, cannot
be invoked in such proceeding."   This means causes of nullity which
were personal, which could have been pleaded and were not set up.
Sec 31 Ann. 39 ; 33 Ann. 1301.

In the present instance it cannot be claimed, nor is it, that the court
which rendered the judgment of homologation was incompetent
*ratione materiæ*, for it clearly had probate jurisdiction. It could legally
entertain a suit by a minor, become of age, against a tutor for the
rendition of an account of his administration, and it could adjust the
differences, if any, between them.

The contention is that the court was incompetent, because the tutor
from whom the account was asked was domiciled beyond its jurisdic-
tion ; that he could not have been cited and compelled to render the
account, and that the judgment in favor of plaintiff is therefore a
nullity.

If it be true that the defendant could have then excepted to the
jurisdiction of the court calling for the account, it was a defense per-
sonal to himself, which he could have set up or waived, at his pleasure.
He elected not to avail himself of it, and has abandoned it.   The relin-
quishment of that right has inured to the benefit of the minor of age,
who cannot now be divested of the advantage derived from it.   Had
execution issued on that judgment against the defendant, he could not
have enjoined it on the ground now urged, because he cannot be per-
mitted to set up after judgment defenses which he could have raised
before judgment.

Defendant contends specially that by virtue of Act 208 of 1868,
which exceded from the parish of St. Mary that portion of it in which
he was domiciled and added it to the parish of Iberia, the district court
was by law divested of all jurisdiction over the suit for an account
instituted by plaintiff in 1866.

This was probably so.   The defendant then could, when the con-
testation on the account was taken up for trial, have objected and
demanded the transfer of the record to the district court of Iberia
(33 Ann. 1301); but he did not do so on April 22, 1876, when the case
was called up and decided.                                              •

The divestiture of jurisdiction, in a case like this, was for his benefit,
and he could legitimately and legally waive it if he deemed advisable

He freely acquiesced to the authority and competency of the court, and cannot now be listened to complain when the same court undertakes to revive the judgment homologating the account, and charge that it had no jurisdiction to render that judgment.

When the court passed upon the differences of the parties in relation to the account, the case stood before it in the same condition that it would have been in had the accountant actually been domiciled within its territorial boundaries.

The judgment is amenable to no charge whatever of nullity on the ground of jurisdiction, either absolute or relative. The defense is therefore without merit.

The decision of this point carries with it that of the preliminary defense, to the jurisdiction in the present action.

The appellee has prayed for damages for a frivolous appeal, but we do not consider that this is a case in which any should be allowed.

Judgment affirmed.