359 So.2d 305 (1978)
Howard ROMERO
v.
Philip D. SUNSERI.
No. 9106.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1978.
Rehearing Denied June 13, 1978.
*306 Seidel & Bailey, Fred K. Bailey, Lafayette, for plaintiff-appellee.
Jackson P. McNeely, New Orleans, for defendant-appellant.
Before GULOTTA, BEER, and GARSAUD, JJ.
GARSAUD, Judge.
Plaintiff filed suit on a promissory note in Civil District Court for the Parish of Orleans on June 17, 1965. Within the proper time limitation, a default judgment was taken against defendant and confirmed on February 15, 1967. On December 15, 1976 plaintiff filed suit to revive the judgment. On May 27, 1977 the district court granted judgment in plaintiff's favor reviving the judgment of February 15, 1967. The defendant appeals from the action to revive the original judgment. He contends that the original judgment was an absolute nullity, and that therefore it cannot be revived.
A review of the record in the original proceedings shows that plaintiff, by allegations of his petition, sued on a note "payable to Tidewater Finance Company of DeRidder, Louisiana and by it endorsed to Capitol Securities and Services, Inc. of Lafayette, Louisiana and by it endorsed to Luther Brewer, president of both corporations, and by him personally endorsed to Petitioner." In addition to setting forth the amount and terms of the note, the petition alleged that petitioner had mislaid the note, had made a diligent search for the same, and had advertised for the lost note in the Times-Picayune and the New Orleans States-Item newspapers without success.
Defendant was personally served on June 25, 1965. A preliminary default was not taken until January 20, 1967. No evidence or written notes of evidence appear in the record, but the parties agree that upon confirmation of default, a note was filed. However, this note was different from that described in the petition, in that it was payable to Tidewater Finance, Inc., 201 North Washington Avenue, DeRidder, Louisiana, and the only endorsements were as follows:
 "Pay to the order of Howard Romero
 Tidewater Finance, Inc.
 by: /s/ Luther A. Brewer, Pres.
 /s/ Luther A. Brewer"
Thus, the name of the payee differed slightly from that originally alleged, and Capitol Securities and Services, Inc. of Lafayette, which was alleged by the petition to have been an endorser, had not endorsed the note.[1] There were no differences between *307 the petition and the note as to the amount due, interest rate, date on which payment was due, or other particulars.
Judgment by default was then confirmed in favor of plaintiff Howard Romero against defendant Philip D. Sunseri in the amount of $5,800.00 with 8% interest annually from May 1, 1961 until paid, plus an attorney's fee of 20% of the principal, interest and all costs.
The defendant acknowledges that in a suit for revival of judgment, no defense short of absolute nullity of the original judgment can be raised. He attempts to annul this judgment under Article 2002 of the Code of Civil Procedure, which deals with annulment for vices of form. The defendant argues that the following language is applicable:
"A final judgment shall be annulled if it is rendered:
* * * * * *
(2) Against a defendant who has not been served with process as required by law, and who has not entered a general appearance, or against whom a valid judgment by default has not been taken;. . . ."
The defendant argues that, as a result of the enlargement of the pleadings in the confirmation of default hearing, there was not a valid judgment by default, nor was defendant served with process as required by law. Appellant argues that in introducing a note at variance with the pleadings, a substantial question of fact concerning the identity of the note was for the first time raised, thus enlarging the petition. This should have been raised properly, argues the appellant, by an amended and supplemental petition stating that the note had been found and enumerating the differences between the note and the allegations of the petition. Service, then, of an amended and supplemental petition is required to be made on the defendant under Article 1312 of the Code of Civil Procedure. He concludes thus that in the failure of the plaintiff to file and to serve upon him an amended petition representing that the note had been found and other allegedly material differences between the note and the pleadings, there was such an improper service as to render the judgment of February 1967 an absolute nullity.
With regard to the appellant's argument that there was not a valid default judgment, Article 1703 of the Code of Civil Procedure states that "[a] judgment by default shall not be different in kind from or exceed in amount that demanded in the petition." Initially it is clear that the amount of the default judgment did not exceed the face amount demanded in the petition, nor the amount of interest or attorney's fees. The question, then, is whether the judgment by default was different in kind from that demanded in the petition. We do not believe that it was. The minor change in the name of the payee is of no consequence. The change from Tidewater Finance Company of DeRidder, Louisiana to Tidewater Finance, Inc. is of no material significance, particularly since the note goes on to say, after the language quoted supra, "Tidewater Finance, Inc., 201 North Washington Avenue, DeRidder, Louisiana." We are of the opinion that the defendant knew or should have known that these names represented the same payee. Further, the fact that the actual note did not have Capitol Securities and Services, Inc. of Lafayette, Louisiana as an endorser is of no real consequence, as defendant Philip Sunseri was the maker of the note and primary obligor, so that a subsequent endorser's name being erroneously listed in the petition does not affect any material right between the plaintiff Howard Romero as holder and the primary obligor on the note, Philip Sunseri. As the judgment was not different in kind from that prayed for in the petition, it was a valid judgment by default. Hence, there was no need to serve the defendant with an amended or supplemental petition setting forth the changes in the note which were introduced at the default judgment and the original personal service constituted the service "as required by law." C.C.P. Art. 2002.
*308 Insofar as his argument concerning alterations is concerned, these were matters which clearly should have been raised as a defense, and which cannot be raised in a nullity proceeding. As the pleadings do not indicate any reason for defendant's failure or inability to present these affirmative defenses, particularly in view of the fact that defendant had been personally served in the original suit, he may not plead them in a nullity action. Steel v. Ruiz, 202 So.2d 376 (La.App. 4th Cir. 1967), and cases cited therein.
For the reasons stated above, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Appellant also complains that there were apparent alterations of dates on the note where a "6" had been superimposed over a printed "5." He further contends that use in the note of the phrase "For Value Received on or before June 5, 1962 [or 1952] the undersigned in solido promise to pay . . . ." creates an inconsistency in the terms of the note. As discussed further herein, these are defenses which would properly have been raised at a trial on the merits. However, they are not properly presented in an action for revival of judgment. Here, our concern is with the validity or nullity of the judgment alone.