**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-31354
Summary Calendar

LARRY GEGENHEIMER; SHEILA GEGENHEIMER,

Plaintiffs-Appellees,

VERSUS

RAOUL A. GALAN, JR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
(87-CV-1294)

June 3, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant Raoul A. Galan, Jr. ("Galan") appeals from the district court's order of November 4, 1998 reviving a judgment originally entered against him on June 29, 1988. The 1988 judgment was entered after a jury found Galan liable for wrongfully dismissing the plaintiffs. Galan initially filed an appeal from

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

the underlying judgment, but later abandoned it.  This appeal is limited to the district court's order granting the revival.

## I.  Background

The district court revived the 1988 judgment after conducting a bench trial.  Our standard of review for bench trials is well established: findings of fact are reviewed for clear error; legal conclusions de novo.  *See Seal v. Knorpp*, 957 F.2d 1230, 1233 (5th Cir.1992).

Article 2031 of the Louisiana Code of Civil Procedure ("LSA-C.C.P.") provides that "[a] judgment shall be rendered in such a proceeding reviving the original judgment, unless the defendant shows good cause why it should not be revived."  LA. CODE CIV. PROC. ANN. art. 2031 (West 1990).  Therefore, the burden is on Mr. Galan to show good cause why the 1988 judgment should not be revived.  Early case law establishes that the only acceptable defense that qualifies as a "good cause" is an absolute nullity of the original judgment.  *See McCutchen v. Askew*, 1882, 34 La.Ann. 340.  LSA-C.C.P.Article 2002 sets forth the exclusive list of grounds to declare a judgment an absolute nullity, or in other words, "annulled for vices of form."  *See Hebert v. Hebert*, 700 So.2d 958 (La.App. 1 Cir.1997).  Article 2002 provides in pertinent part:

> A final judgment shall be annulled if it is rendered:
>     (1) Against an incompetent person not represented as required by law;
>     (2) Against a defendant who has not be served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
>     (3) By a court which does not have jurisdiction

2

over the subject matter of the suit.

LA. CODE CIV. PROC. ANN. art. 2002 (West 1990).  That a judgment may be an absolute nullity judgment may be attacked collaterally in any court and at any time.  *See Estate of Bradford v. Thomas,* 700 So.2d 1030 (La.App. 2 Cir.1997).  However, in a proceeding to revive a judgment, defenses that merely attack the merits of the underlying cause of action will not be revisited.  *See Bruno v. Oviatt*, 1896, 48 La.Ann. 471, 19 So. 464; *McCutchen v. Askew*, 1882, 34 La.Ann. 340; *McStea v. Rotchford*, 1877, 29 La.Ann. 69; *Carondelet Canal Nav. Co. v. De St. Romes*, 1871, 23 La.Ann. 437.

## II.  <u>Analysis</u>

Construing Galan's pro se brief liberally, he brings five issues on appeal.

First, he attacks the original 1988 judgment on the grounds that the district court lacked jurisdiction in bringing a judgment against him when the plaintiffs were his "appointees," and not his employees.  Because the Civil Rights Act of 1964 has provisions in it defining the confines of an employer-employee relationship, Galan contends that the plaintiffs' alleged status of "appointees" defeats the district court's subject matter jurisdiction over the wrongful termination suit.  The fact that Galan characterized this issue as a jurisdictional one is not determinative.  While an employer-employee relationship may be an element that needs to be proved to prevail on a wrongful termination suit, this issue should have been addressed either at trial or on appeal from the original judgment.  Because this issue does not properly raise one of the

exclusive grounds for attacking the underlying judgment, we must pass on its merits.

Second, Galan alleges that the district court erred in upholding the jury's award of compensatory and punitive damages to the plaintiffs. This again goes to the merits of the underlying judgment and again does not fall within one of the three enumerated grounds to attack it.

Third, Galan asserts that his procedural due process rights were violated because he was improperly served with the 1988 judgment. Section two of LSA-C.C.P. Article 2002 provides that a judgment may be declared an absolute nullity if the "defendant was not properly served with *process* ... *and* [the defendant] has not entered a general appearance...". (Emphasis added) Regardless of any perceived improprieties in the service of the judgment, Galan has failed to show a defect in the service of *process*. Regardless, Galan entered a general appearance in his defense of the suit. Therefore, we must again pass on the merits of this issue on appeal.

Fourth, Galan argues that the plaintiff has admitted by stipulation that he was an assistant supervisor, and thus "he is excluded and waives his right against debtor-defendant." Whatever merit this argument presents to us, Galan has failed to address it in his briefs. Matters not raised or argued in the brief are considered waived and will not be entertained by this Court on appeal. *See Melton v. Teachers Ins. & Annuity Assoc. of America*, 114 F.3d 557, 561 (5th Cir.1997).

4

Finally, Galan again attacks the underlying judgment on the basis that the "Fifth Circuit Court of Appeals for the State of Louisiana has ruled that the Office of the Clerk of the Court is responsible and liable for the actions of the elected individual person."  Once again, on this appeal from the district court's order granting revival, we will not consider challenges to the underlying judgment absent an absolute nullity.  Whatever claim for indemnification Galan may have is not properly before us at this time.

## III.  Conclusion

Because Galan has failed to raise any issue directed at the order from which he appeals, and because his challenges to the underlying judgment do not persuade us that it should be declared an absolute nullity, we AFFIRM.