IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30377
Summary Calendar
_____

FEDERAL DEPOSIT INSURANCE CORPORATION,

Plaintiff-Appellee,

versus

JOHN MMAHAT; MMAHAT & DUFFY,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-1252-S)
_____

February 25, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The issue presented by this appeal is whether the district court correctly entered summary judgment for the plaintiff, the Federal Deposit Insurance Corporation (the "FDIC"), granting its petition to revive a $35,000,000 judgment against the defendants, John A. Mmahat and the law firm of Mmahat & Duffy, a partnership

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under the law of Louisiana.[1]  Finding no error on the part of the district court, we affirm.

As an initial matter, the arguments made by Mmahat on behalf of Mmahat & Duffy are not properly before our court.  Our precedent is clear that a partnership, like a corporation, is a fictional legal person that must be represented in court by a licensed attorney.  See Southwest Express Co., Inc. v. ICC, 670 F.2d 53, 55 (5th Cir. 1982)(citing Turner v. American Bar Ass'n, 407 F.Supp. 451, 476 (N.D.Tex. 1975)); In re Bigelow, 179 F.3d 1164, 1165 (5th Cir. 1999).  Even a majority owner or shareholder in a partnership or a corporation is precluded from representing it if he is not a licensed attorney.  See In re K.M.A., Inc., 652 F.2d 398, 399 (5th Cir. 1981).  Accordingly, because a licensed attorney has not entered an appearance on behalf of Mmahat & Duffy, its appeal is not properly before our court and is dismissed.

Focusing on the merits of Mmahat's appeal, it is clear that he has failed to meet his burden of demonstrating that the judgment sought to be revived was an absolute nullity.  Louisiana law provides that "a money judgment rendered by a trial court of this state is prescribed by the lapse of ten years."  La. Civ. Code Ann.

---

[1]In connection with this issue, Mmahat raises two peripheral issues: (1) whether the district court erred because it did not state the reasons the court used to reach its decision; and (2) whether to have standing to sue the FDIC needs to have and show ownership of the claim.  The arguments forwarded by Mmahat in connection with these issues lack any merit in law or fact and are summarily rejected.

art. 3501 (West 1999).  A judgment creditor, however, may revive the judgment for an additional ten years by initiating "an ordinary proceeding brought in the court in which the judgment was rendered."  La. Code Civ. Proc. Ann. art. 2031 (West 1999).  In a revival action, the only "questions that can arise or be determined, are (1) whether such judgment was ever rendered, and (2) whether such judgment still exists or has been extinguished in any of the ways provided by law."  Gilbert v. Pearson, 478 So.2d 937, 940 (La.Ct.App. 3d Cir. 1985).  The result of such a proceeding will be the entry of a judgment "reviving the original judgment, unless the defendant shows good cause why it should not be revived."  La. Code Civ. Proc. Ann. art. 2031.

It is longstanding precedent in Louisiana that the defendant can meet his burden of demonstrating that a judgment should not be revived only by alleging and proving that the judgment is an absolute nullity.  See Levy v. Calhoun, 34 La.Ann. 413 (La. 1882); Gilbert, 478 So.2d at 939-40.  If the defendant were allowed to raise any defense other than that the judgment sought to be revived was absolutely null, it would essentially allow the defendant to attack collaterally the merits of a final judgment in a collateral proceeding.  See Gilbert, 478 So.2d at 940.  Such an attempt was expressly rejected by the Gilbert court: "No principal [sic] of law has received greater and more frequent sanction, or is more deeply imbedded [sic] in our jurisprudence, than that which forbids a collateral attack on a judgment or order of a competent tribunal,

3

not void on its face ab initio." Id. (quoting Nethken v. Nethken, 307 So.2d 563, 565 (La. 1975)). The Gilbert court concluded by stating:

> Regardless of the legal force and effect of a judgment which is not absolutely null, even if it is irregularly rendered, an interested party is entitled to have it revived. The judgment of revival does not correct the defect in the original judgment, does not impart any additional force to it and does not ratify or confirm the original judgment. Revival merely preserves the original judgment and saves it from extinction.

Id. (citing Beall v. Elder, 35 La.Ann. 1022 (1883)).

After reviewing the arguments raised by Mmahat in opposition to the FDIC's petition for revival, it is clear that he has failed to meet his burden of demonstrating that the underlying judgment was an absolute nullity. As the district court correctly noted, the arguments forwarded by Mmahat are attempts to attack collaterally the merits of the underlying judgment. These arguments should have been raised on direct appeal, if they are in fact meritorious. However, such alleged "errors" may not be raised by Mmahat as defenses to the FDIC's petition for revival. Consequently, because Mmahat has failed to raise any defense in response to the FDIC's petition for revival, the FDIC is entitled to summary judgment. See Gilbert, 478 So.2d at 942 (holding that because the defendant failed to raise a valid defense to the plaintiff's petition for revival, "plaintiff was entitled to judgment on the basis of the motion for summary judgment").

The judgment of the district court is

A F F I R M E D.