IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-31099
Summary Calendar
_____


FEDERAL DEPOSIT INSURANCE CORPORATION, ET AL.,

                                                    Plaintiffs,

GULF COAST BANK & TRUST COMPANY,

                                                    Plaintiff-Appellee,

                            versus

ALTON OCHSNER, JR.,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 88-CV-1684-C)
_____
November 28, 2000

Before REAVLEY, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellee Gulf Coast Bank & Trust Co. (the bank) brought this suit to revive a money judgment against appellant Alton Ochsner, Jr. The judgment had been assigned to the bank, whose need for a revived judgment under Louisiana law arose as the ten-year anniversary of the underlying judgment approached. See La. Civ. Code Ann. art. 3501 (West 1994); La. Code Civ. Proc. Ann. art. 2031 (West 1990). The same federal district court which entered the original judgment granted a summary judgment in favor of the bank and accordingly entered a new judgment in the pending revival action. Ochsner appeals the summary judgment.

Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An appellate court applies the same standard in reviewing the grant or denial of a summary judgment as that used by the trial court initially. See Melton v. Teachers Ins. & Annuity Ass'n of Am., 114 F.3d 557, 559 (5th Cir. 1997).

We agree with the district court that the action to revive the judgment was a proceeding "supplementary to and in aid of a judgment" and "on and in aid of execution" of a money judgment under Fed. R. Civ. P. 69(a), which further provides that such proceedings are governed by state law. See United States v. Fiorella, 869 F.2d 1425, 1426 (11th Cir. 1989) (reasoning that, pursuant to Rule 69(a), state law governed issue of revival of judgment).

2

We also agree with the district court that Ochsner was unable to raise a material issue of fact as to any valid defense against revival of the judgment. He asserted defenses to the note which was the basis of the underlying suit and default judgment. However, in a revival action, no defense short of absolute nullity of the original judgment can be raised. See McCutchen v. Askew, 34 La. Ann. 340 (1882); Romero v. Sunseri, 359 So.2d 305, 307 (La. Ct. App. 1978).

The asserted defenses to the note, such as failure of consideration and accord and satisfaction, are not the sort of defenses which would establish the absolute nullity of the original judgment under Louisiana law. An absolute nullity would occur only if there were some fundamental defect in the judgment such as the absence of citation or the lack of jurisdiction of the court which entered the judgment. See Bruno v. Oviatt, 19 So. 464, 465 (1896) (stating that "want of citation, manifestly, is a defense" in a revival action); Theriot v. Bayard, 37 La. Ann. 689 (1885) (holding that defendant in revival action could not raise defense that court which entered judgment lacked personal jurisdiction over defendant where defendant had waived this defense in the underlying action, but suggesting that absence of subject matter jurisdiction of court which entered judgment might be a valid defense in revival action); Folger & Son v. Slaughter, 33 La. Ann. 341 (1881) ("No judgment absolutely void, as for want of citation or other like radical defect, can be revived, because it is considered in law as never having been rendered; but nullities which are not absolute, but relative, cannot be invoked in such proceeding."); McStea v. Rotchford, Brown & Co., 29 La. Ann. 69 (1877) (stating that "a total and

3

entire absence of citation upon any one might" qualify as a defense in a revival action); Texaco, Inc. v. Finegan, 119 So.2d 646, 647 (La. Ct. App. 1960) ("A judgment rendered against a party who has neither been cited nor appeared is an absolute nullity. . . . The nullity of a judgment rendered without citation or voluntary appearance may be interposed as a defense to an action to revive the judgment."). A defense to the note would not in our view render the underlying judgment an absolute nullity. See Bruno, 19 So. at 465 (holding, in suit to revive judgment on note, that defendant could not raise defenses that note had been obtained by fraud and without consideration); McCutchen, 34 La. Ann. at 340 (holding in suit to revive judgment on a note that defense of compromise and settlement of the note obligation could not be raised); Romero, 359 So.2d at 308 (holding, in suit to revive judgment on a note obtained by default judgment, that defense of alteration of note was not properly raised).

A closer question concerns Ochsner's argument that if he were mentally incompetent at the time of the default judgment in 1988, due to early symptoms of Parkinson's disease, he lacked the capacity to be sued absent the appointment of a guardian ad litem. See La. Code Civ. Proc. Ann. art. 733 (West 1999) (providing that "[a] mental incompetent has no procedural capacity to be sued" and that, with certain exceptions, "the curator appointed by a court of this state is the proper defendant in an action to enforce an obligation against a mental incompetent or an interdict."). However, even if such incapacity would render the underlying judgment an absolute nullity under

4

Louisiana law, Ochsner (now represented by competent legal representatives) offered no summary judgment proof of such incapacity at the time.

AFFIRMED.